1   **BISNAR | CHASE**
    ONE NEWPORT PLACE
2   1301 Dove St., Suite 120
    Newport Beach, CA  92660
3   Phone: (949) 752-2999
    Facsimile: (949) 752-2777
4   BRIAN D. CHASE, State Bar No.164109
    JOHN V. BELL, State Bar No. 199142
5   SCOTT A. RITSEMA, State Bar No. 138193
    STEVEN MEEKS, State Bar No. 48663
6   Attorneys for Plaintiff Endang Widjaja

7

8              **THE UNITED STATES DISTRICT COURT FOR THE**

9                 **EASTERN DISTRICT OF CALIFORNIA**

10

11  ENDANG WIDJAJA, Individually, and on      )   CASE NO.:   1:09-CV-1074-OWW-DLB
    Behalf of all Others Similarly Situated,  )
12                                            )   **PLAINTIFF ENDANG WIDJAJA'S**
                        Plaintiff,            )   **OPPOSITION TO DEFENDANTS'**
13                                            )   **MOTION TO DISMISS OR STAY**
              vs.                             )   **PLAINTIFF'S CLASS ACTION; AND**
14                                            )   **MEMORANDUM OF POINTS AND**
    YUM! Brands, Inc.; Taco Bell Corp.; Taco  )   **AUTHORITIES IN SUPPORT THEREOF**
15  Bell; and DOES 1 TO 100, Inclusive,       )
                                              )   **(Filed Concurrently With the Declaration of**
16                      Defendants.           )   **Jerusalem F. Beligan in Support of**
                                              )   **Plaintiff's Oppositions to Defendants'**
17                                            )   **Motion to Dismiss or Stay and Intervenors'**
                                              )   **Motion to Intervene and Strike the Class**
18                                            )   **Allegations in Plaintiff's Complaint or, in**
                                              )   **the Alternative, Stay Plaintiff's Action)**
19                                            )
                                              )   Date:        October 19, 2009
20                                            )   Time:        10:00 a.m.
                                              )   Judge:       Hon. Oliver W. Wagner
21                                            )   Courtroom:   3
                                              )
22  _____ )

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

                                    1

# TABLE OF CONTENTS

PRELIMINARY STATEMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

STATEMENT OF FACTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

     1.    THE MOTION TO DISMISS OR STAY PLAINTIFF'S ACTION MUST BE DENIED AS IT IS IN DIRECT CONTRAVENTION OF THE ORDER ISSUED BY THIS COURT AND APPROVED BY THE ATTORNEYS IN THE CONSOLIDATED ACTIONS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

     2.    THE MOTION TO DISMISS OR STAY SHOULD ALSO BE REJECTED ON THE GROUNDS THAT THIS ISSUE HAS BEEN PREVIOUSLY RAISED AND REJECTED BY THE TRANSFEROR COURT. . . . . . . . . . . . . . . . . . . . . . . . . 9

     3.    FAIRNESS AND EQUITY TO PLAINTIFF MILITATES AGAINST DISMISSAL OR STAYING OF PLAINTIFF'S ACTION. . . . . . . . . . . . . . . . . . . . . . . . . . 10

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS OR STAY**

BISNAR | CHASE

# TABLE OF AUTHORITIES

Federal Cases

Alltrade, Inc. v. Uniweld Products, Inc., 946 F. 2d 622, 629 (9th Circuit 1991) . . . . . . . . . . . . . 11

Barapind v. Reno, 72 F. Supp. 2d. 1132 (E.D. Cal. 1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

CMAX, Inc. v. Hall, 300 F. 2d 265, 268 (9th Cir. 1962) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

Hatch v. Reliance Ins. Co., 758 F.2d 409, 413 (9th Cir. 1985) . . . . . . . . . . . . . . . . . . . . . . . . . . 9

Hayman Cash Register Co. v. Sarokin, 669 F.2d 162, 165 (3rd Cir. 1982). . . . . . . . . . . . . . . 9, 10

TCF Film Corporation v. Gourley, 240 F.2d 711, 713 (3rd Cir. 1957) . . . . . . . . . . . . . . . . . . . . 10


Local Rules for the United States District Court for the Eastern District of California

Local Rule 11-110 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

BISNAR | CHASE

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS OR STAY**

## MEMORANDUM OF POINTS AND AUTHORITIES

## PRELIMINARY STATEMENT

This is a class-action complaint brought by Plaintiff Endang Widjaja ("Plaintiff") against Defendants YUM! Brands, Inc. and Taco Bell Corp. ("Defendants") for, among other things, the following: (1) failure to reimburse expenses; (2) failure to provide rest periods; (3) violation of California Business & Professions Code § 17200; and (4) conversion ("Plaintiff's Complaint"). (See Exhibit A.) In their present motion, Defendants seek to dismiss, stay or merge Plaintiff's action with the consolidated class actions currently pending with this Court (the "Motion"). Boiled down, Plaintiff is not contesting consolidation, but is opposing Defendants improper request to dismiss or stay Plaintiff's action. Consolidation is the most efficient manner to bring resolution to these matters and to prevent inconsistent rulings. Accordingly, and as explained below, Defendants' petition to dismiss or stay must be denied as it is in direct violation of this Court's prior order and has already been litigated and addressed by the previous district court.

## STATEMENT OF FACTS

- Plaintiff's Complaint was filed on February 11, 2009 in Orange County Superior Court. (See Exhibit A.)

- Defendants were served with Plaintiff's Complaint on or about March 26 and 30, 2009, respectively. (See Exhibit B.)

- On April 24, 2009, Defendants removed Plaintiff's action to the United States District Court for the Central District and was initially assigned to Hon. Cormac J. Carney [Case no. SACV 8:09-cv-502 CJC (JWJx)].[1]  (See Exhibit C.)

- On April 28, 2009, Defendants filed a Notice of Pendency of Other Actions in which Defendants notified Judge Carney of four other related cases (the "Other Actions") which

---

[1]  Plaintiff's action was subsequently transferred to Hon. David O. Carter.

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS OR STAY**

BISNAR | CHASE

1    were pending in the Eastern District with Hon. Oliver W. Wanger (this "Court"):

2

3    "*Medlock v. Taco Bell Corp., et al.*, United States District Court Case No. 1:04-cv-

4    01314-OWW-DLB ('*Medlock*'), filed on September 7, 2007 and currently pending

5    in the United States District Court for the Eastern District of California . . .

6

7    *Hardiman v. Taco Bell Corp., et al.*, Case No. 1:08-cv-01081-OWW-DLB

8    ('*Hardiman*'), originally filed on April 11, 2008 in Fresno County Superior Court

9    and removed to the Eastern District of California on July 25, 2008 . . .

10

11   *Leyva v. Taco Bell Corp., et al.*, Case No. 1:09-cv-00200-OWW-DLB ('*Leyva*'),

12   originally filed on June 16, 2008, in Los Angeles County Superior Court . . . and

13   transferred to the United States District Court for the Eastern District on January

14   30, 2009 . . .

15

16   *Naranjo v. YUM! Brands, Inc. et al.*, Case No. 1:09-cv-00246-OWW-DLB

17   ('*Naranjo*'), originally filed on November 5, 2008 in Orange County Superior

18   Court . . . and transferred to the United States District Court for the Eastern District

19   on February 9, 2009 . . ." (See Exhibit D.)

20

21   •   On May 1, 2009, and instead of stipulating to transfer and consolidate Plaintiff's action

22   with the Other Actions – in order to expedite the prosecution of these matters –

23   Defendants filed a motion to dismiss, stay, or, in the alternative, transfer Plaintiff's

24   action to the Eastern District.  (See Exhibit E.)

25

26   •   On June 8, 2009, Judge Carter denied Defendants' motion to dismiss or stay and

27   transferred Plaintiff's action to the Eastern District on the basis of fairness and equity to

28   Plaintiff:

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS OR STAY**

"This Court can for reasons of fairness and equity choose not to apply the first-to-file rule even if the three factors are met. *Id.* In this case, *due to the fact that Plaintiff and Defendants are in disagreement over whether Plaintiff is truly represented in the pending litigation against Defendants in the Eastern District, this Court is of the opinion that fairness to Plaintiff requires transferring the case to the Eastern District* where the court has familiarity with the issue [and] can consolidate the case or dismiss it if it so chooses. In addition, *with respect to the third factor, Plaintiff alleges a cause of action for conversion that is not mentioned in the cases that are currently pending.* In order to give Plaintiff a fair chance to litigate this claim, a transfer to the Eastern District, where the court can decide whether to consolidate this action with the Other Actions, is more appropriate." [See Exhibit F, p. 7: 3-12 (emphasis added)]

- Contemporaneously, on June 8, 2009, this Court issued a Pretrial Order (the "Order") formally consolidating *Medlock*, *Hardiman*, *Leyva*, and *Naranjo* (the "Consolidated Actions"). (See Exhibit G, p. 2: 8-18.) This Court also established a Master Docket for the Consolidated Actions and for any other actions which were subsequently consolidated therein. (Id. at p. 3: 11-14.) In the Order, this Court and the attorneys involved in the Consolidated Actions anticipated the filing or transferring of additional related actions to the Eastern District. (Id. at p. 4.) Indeed, the Order contained a specific section, entitled "Newly Filed or Transferred Actions," which stated, in pertinent part, the following:

"When a case that arises out of the same operative facts as the Consolidated Actions is hereinafter filed in or transferred to this Court, it *shall* be consolidated with the Consolidated Actions, and the Clerk of the Court shall:

1.  File a copy of this Order in the separate file for such action;
2.  *Mail a copy of this Order to the attorneys for the Plaintiff(s) in the newly-filed or transferred case* and to any new Defendant(s) in the newly-filed or transferred case; and
3.  Make the appropriate entry in the Master Docket.

*Assistance of counsel is requested in calling to the attention of the Clerk of this Court the filing or transfer of any case that might properly be consolidated as part of this litigation.*" [Id. at p. 4: 1-15 (emphasis added)]

- Neither Plaintiff nor her counsel were ever served a copy of the Order and were not aware of the Order until it was produced as an exhibit in the Motion. [See Declaration of Jerusalem F. Beligan ("Beligan Decl.") at para. 9.) Plaintiff was kept in the dark with

BISNAR | CHASE

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS OR STAY**

respect to the Order.

- When Plaintiff's action was transferred to the Eastern District, it was initially assigned to Hon. Anthony W. Ishii (Case no. 1:09-cv-1074 AWI-GSA). (See Beligan Decl. at para. 10.)

- On June 18, 2009, Defendants' answered Plaintiff's Complaint. (See Exhibits H and I, respectively.)

- On June 24, 2009, Defendants filed a Notice of Related Case and advised Judge Ishii that they were "*concurrently filing* in [the Consolidated Actions] a Notice of Related Case [a]nd Request for Consolidation" pursuant to the Order. [See Exhibit J, p. 3: 1-7 (emphasis added)]  Accordingly, on June 29, 2009, Judge Ishii transferred Plaintiff's action to this Court and deferred consolidation pending "Defendants' filing of a noticed motion for consolidation." (See Exhibit K, p. 1: 26; and 2: 1-2.)

- The day after Plaintiff's action was transferred to this Court, on June 25, 2009, a Scheduling Conference was held in the Consolidated Actions in which this Court issued several deadlines as to when to complete discovery on certain issues and when certain dispositive motions had to be filed. (See Exhibit L, p. 1: 27-28.)  Namely, a motion dismissing Yum! Brands, Inc. as a party had to be filed by Defendants no later than November 30, 2009. (Id. at p. 19: 26-28; and p. 20: 1-5.)  More importantly, however, this Court set the briefing schedule for the class-certification motion. (Id. at p. 20: 8-15.)  The deadlines to file and oppose said motion were set for August 6, 2010 and October 26, 2010, respectively. (Id.)  The hearing on the motion was not set until January 10, 2011. (Id.)

/////

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS OR STAY**

BISNAR | CHASE

- Instead of simply filing the motion for consolidation as they represented to Judge Ishii and to this Court, Defendants – on July 22, 2009 – filed the Motion, resurrecting issues which were previously raised and rejected by Judge Carter. Moreover, and most notably, the Motion to dismiss or stay is in direct contravention of the Order issued by this Court. Accordingly, and as explained in detail below, this Court must deny the Motion to dismiss or stay and consolidate Plaintiff's action with the Consolidated Actions.

## ARGUMENT

**1.   THE MOTION TO DISMISS OR STAY PLAINTIFF'S ACTION MUST BE DENIED AS IT IS IN DIRECT CONTRAVENTION OF THE ORDER ISSUED BY THIS COURT AND APPROVED BY THE ATTORNEYS IN THE CONSOLIDATED ACTIONS.**

The Order is clear: If a case that arises out of the same operative facts as the Consolidated Actions is filed in or transferred to this Court, then that case *must* be consolidated with the Consolidated Actions. In addition, the Order requests the parties, including Defendants, to advise this Court of any newly-filed actions so this Court could give appropriate notice of the substance of the Order to the new parties. Failure of counsel or of a party to comply with any order of this Court "may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule within the inherent power of the Court." See Local Rule 11-110 of the Eastern District of California.

Initially, it should be noted that Plaintiff was not made aware of the Order until it was found attached as an exhibit to the Motion. Defendants were aware of Plaintiff's action since February 2009. The Order was issued by this Court on June 8, 2009. On that same day, Defendants became aware that the case had been transferred to the Eastern District and was specifically transferred to Judge Wanger on June 24, 2009. Yet, during that entire time, and despite Defendants' representations that they were "concurrently filing in *In Re Taco Bell* a Notice of Related Case [a]nd Request for Consolidation pursuant to the Consolidation Order," Plaintiff was neither served

1   with the Notice of Related Case, the Order, nor the Request for Consolidation.  Instead, and

2   contrary to their own representations, Defendants filed and served the Motion, requesting not only

3   to consolidate, but to dismiss or stay Plaintiff's action.  Though the request to consolidate is proper,

4   the petition to dismiss or stay is in direct violation of the Order.

5          Defendants purportedly resurrected their motion to dismiss or stay based on Judge Carter's

6   statement that he believed it was more appropriate for this Court to decide whether to consolidate

7   this action with the Consolidated Actions.  While that may be the case, the Order issued by this

8   Court left no doubt as to this Court's intention.  As set forth in the Order, as long as the newly-filed

9   or transferred case arises out of the same operative facts, the case "*shall* be consolidated with the

10  Consolidated Actions . . ."  Here, there is no doubt, and Defendants do not contend that Plaintiff's

11  action does not arise out of the same operative facts.  Indeed, and as Defendants duly note, three

12  of the four causes of action contained in Plaintiff's Complaint are being alleged in the Consolidated

13  Actions.  Based on the specific terms of the Order, Defendants' request to dismiss or stay is moot

14  and must therefore be denied.

15  **2.   THE MOTION TO DISMISS OR STAY SHOULD ALSO BE REJECTED ON**

16  **      THE GROUNDS THAT THIS ISSUE HAS BEEN PREVIOUSLY RAISED AND**

17  **      REJECTED BY THE TRANSFEROR COURT.**

18         Defendants should be collaterally estopped from relitigating the same issues which they

19  raised and lost in the transferor court, unless there is some indication that Defendants were not

20  afforded a full and fair opportunity to litigate same.  See Hatch v. Reliance Ins. Co., 758 F.2d 409,

21  413 (9th Cir. 1985) (court refused to relitigate issue of the propriety of transfer and removal as

22  appellants were given an opportunity to fully and fairly litigate said issues before the transferor

23  court.)  As set forth above, Defendants previously attempted to dismiss or stay Plaintiff's action.

24  Defendants' previous motion to dismiss or stay was fully briefed by the parties and adjudicated by

25  Judge Carter.  On June 8, 2009, Judge Carter denied Defendants' request and refused to apply the

26  first-to-file rule due to fairness and equity to Plaintiff.  Judge Carter reasoned that Plaintiff would

27  be precluded from adequate representation and an opportunity to litigate her claim for conversion

28  if her action was dismissed or stayed.  The issues presented in the Motion have already been

1  addressed and fully adjudicated, and should be barred from consideration based on the doctrine of

2  collateral estoppel.

3       Moreover, the issues raised in the Motion should not be again addressed based on the "law

4  of the case doctrine." See Hayman Cash Register Co. v. Sarokin, 669 F.2d 162, 165 (3rd Cir. 1982).

5  Under this doctrine, "once an issue is decided, it will not be re-litigated in the same case, except

6  in unusual circumstances . . . The purpose of this doctrine is to promote the judicial system's

7  interest in finality and in efficient administration," and to prevent two courts of equal authority

8  from both considering the exact same issue and reaching contrary conclusions. Id. at p. 165 and

9  166-67. It makes common sense that "judges of co-ordinate jurisdiction sitting in the same court

10  and in the same case should not overrule the decisions of each other." See TCF Film Corporation

11  v. Gourley, 240 F.2d 711, 713 (3rd Cir. 1957). This rule of judicial comity should similarly apply

12  to this case. See Hayman, 669 F.2d at 168. The ruling of Judge Carter should not be disturbed.

13  If they believed that the decision was erroneous, Defendants should have sought reconsideration

14  in the transferor court. Id. at p. 168-69. "A disappointed litigant should not be given a second

15  opportunity to litigate a matter that has been fully considered by a court of coordinate jurisdiction,

16  absent unusual circumstances." Id. at p. 169.

17       Here, no unusual circumstances have been presented that would warrant reexamining an

18  issue already decided by a court of equal authority. Indeed, reexamining the same issue would

19  further delay this litigation. Id. at p. 167. Accordingly, the principles of judicial comity and

20  economy warrant the denial of Defendants' petition to dismiss or stay Plaintiff's action.

21

22  **3.  FAIRNESS AND EQUITY TO PLAINTIFF MILITATES AGAINST DISMISSAL**

23  **OR STAYING OF PLAINTIFF'S ACTION.**

24       Notably, this Court's creation of a Master Docket and Master File in which to include

25  newly-filed or transferred actions demonstrates this Court's reluctance against dismissing or staying

26  related cases. This Court anticipated the filing of additional actions and established a procedure

27  in which to merge them with the Consolidated Actions. Moreover, the conduct of Defendants are

28  themselves inconsistent in that they filed a motion to consolidate – not a motion to dismiss or stay

1 | – *four* separate class-actions into a single action.

2 |      Nevertheless, fairness and equity to Plaintiff militate against dismissing or staying her

3 | action.  Dismissal of Plaintiff's complaint would effectively bar her from recovering her unpaid

4 | wages from Defendants.  As set forth above, the class has not been certified and the class

5 | certification motion will not be heard until January 10, 2011.  At this point in time, Plaintiff is

6 | neither a party to the Consolidated Actions, nor have her claims been preserved therein.  In fact,

7 | none of the previously filed complaints have a claim for conversion.  This is a claim unique to

8 | Plaintiff's Complaint.  Therefore, even if Plaintiff became a class member in one of the other

9 | actions, a dismissal of Plaintiff's action would bar her conversion claim and her right to punitive

10 | damages. Dismissal of the complaint would therefore terminate Plaintiff's rights.  See Alltrade, Inc.

11 | v. Uniweld Products, Inc., 946 F. 2d 622, 629 (9th Circuit 1991).

12 |      Moreover, the case cited by Defendants, Barapind v. Reno, 72 F. Supp. 2d. 1132 (E.D. Cal.

13 | 1999), to support their claim for dismissal is factually distinguishable and inapplicable to this case.

14 | In a nutshell, the plaintiff in Barapind filed two separate habeas petitions in two separate districts.

15 | Id. at p. 1145.  Accordingly, the court in Barapind rightfully dismissed one of the complaints on

16 | the grounds that they were duplicative claims.  Unlike this case, Plaintiff did not file a class-action

17 | complaint in the Central and Eastern Districts.  Plaintiff is not pursuing two separate lawsuits in

18 | different forums.  Plaintiff is simply seeking consolidation.

19 |      Lastly, staying Plaintiff's action would not promote judicial economy, but further delay the

20 | resolution of this matter.  Defendants argument that staying the matter would promote judicial

21 | economy is specious at best.  It was Defendants failure in the first place to notify this Court of

22 | Plaintiff's action and file the Notice of Related Case as they promised to do, which has led to the

23 | delay in this matter.  Nonetheless, in determining whether to grant the stay, this Court must weigh

24 | the competing interests of the affected parties.  See CMAX, Inc. v. Hall, 300 F. 2d 265, 268 (9th Cir.

25 | 1962).  The party seeking the "stay *must* make out a *clear case of hardship* or inequity in being

26 | required to go forward."  Id.  The competing interests for this Court to consider are the following:

27 |

28 |     1)    "[T]he possible damage which may result from the granting of a stay[.]"  Id.

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS OR STAY**

BISNAR | CHASE

Case 1:09-cv-01074-OWW-DLB   Document 36   Filed 10/02/09   Page 12 of 15

Contrary to Defendants' contention, and as set forth above, Plaintiff is not a member of a certified class. By staying Plaintiff's action, Plaintiff's claims would not be pursued or protected in the Consolidated Actions, but would become stale from lack of prosecution.

2)      "[T]he hardship or inequity which a party may suffer in being required to go forward[.]" The Scheduling Conference in the Consolidated Actions was held on June 25, 2009. In said conference, this Court laid out the deadlines in which to complete class-action discovery and when the class-certification motion and opposition thereto were to be filed. All of said deadlines were not set until mid- to- late next year, allowing Plaintiff, Defendants and the parties sufficient time to prepare and respond to discovery and prepare their respective motions and oppositions.

3)      "[T]he orderly course of justice measured in terms of simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay[.]" Id. Staying Plaintiff's action would only complicate the issues and could lead to inconsistent rulings. Consolidating the matters into a single action would lead to a narrowing of issues and lead to a more efficient and less costly resolution to this matter.

Here, Defendants have not met the high threshold which would justify staying Plaintiff's action. In the interests of judicial economy and efficiency, consolidation of these actions is the best and only viable option.

///
///
///
////

12

BISNAR | CHASE

1

**CONCLUSION**

2

    For all the foregoing reasons, Plaintiff respectfully requests this Court to deny the Motion

3

to dismiss or stay, and issue an order consolidating Plaintiff's action with the Consolidated Actions.

4

5

DATED: October 2, 2009                          **BISNAR | CHASE**

6

7

                                        By:

8

                                            BRIAN D. CHASE, Esq.
                                            JERUSALEM F. BELIGAN, Esq.
9

                                            Attorneys for Plaintiff Endang Widjaja

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS OR STAY**

**PROOF OF SERVICE**

*Widjaja v. Yum! Brands, Inc., et al.*

United States District Court - Eastern District Case No. 1:09-cv-01074 OWW (DLB)

I am employed in the County of Orange, State of California.  I am over the age of eighteen years and not a party to the within action; my business address is 1301 Dove Street, Suite 120, Newport Beach, CA, 92660.

On October 2, 2009, I served the following document **PLAINTIFF ENDANG WIDJAJA'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS OR STAY PLAINTIFF'S CLASS ACTION; AND   MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** upon the following parties in this action:

***SEE ATTACHED LIST***

(X)    **BY MAIL,** by placing a true copy thereof, in an sealed envelope to the addressee(s) below, and depositing the same into the United States mail at the address located set forth herein above, with sufficient first-class postage thereon pre-paid.

( )    **BY OVERNIGHT PRIORITY MAIL WITH NEXT DAY DELIVERY GUARANTEED**  by placing a true copy thereof, in an sealed envelope to the addressee(s) below, and depositing the same into the **OVERNIGHT EXPRESS** mail drop at the address located set forth herein above, with postage pre-paid.

( )    **BY PERSONAL SERVICE**, by personally delivering the same to the addressee(s) listed below:

( )    **BY FACSIMILE,** by transmitting by facsimile transmission a true and correct copy of the same to the addressee(s) listed below:

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on October 2, 2009, at Newport Beach, California.

*Nicole C. Michau*

NICOLE C. MICHAU

1

2

3

### SERVICE LIST
*Widjaja v. Yum! Brands, Inc., et al.*
United States District Court - Eastern District Case No. 1:09-cv-01074 OWW (DLB)

| | |
|---|---|
| Layn R. Phillips, Esq.<br>(lphillips@irell.com)<br>Andra Barmash Greene, Esq.<br>(agreene@irell.com)<br>Julie M. Davis, Esq.<br>(jdavis@irell.com)<br>IRELL & MANELLA LLP<br>840 Newport Center Drive, Suite 400<br>Newport Beach, CA 92660-6324<br>Tel: (949) 760-0991<br>Fax: (949) 760-5200 | Attorney for Defendants<br>YUM! BRANDS, INC., and TACO BELL CORP. |
| Monica Balderrama, Esq.<br>(mbalderrama@initiativelegal.com)<br>David Lishian Cheng, Esq.<br>(Dcheng@InitiativeLegal.com)<br>Shawn Charles Westrick, Esq.<br>(Swestrick@InitiativeLegal.com)<br>Gregory Yu, Esq.<br>(Gyu@InitiativeLegal.com)<br>Initiative Legal Group APC<br>1800 Century Park East<br>2nd Floor<br>Los Angeles, CA 90067<br>Tel: (310) 556-5637<br>Fax:(310) 861-9051 | Attorneys for Intervenor Plaintiff<br>SANDRIKA MEDLOCK |