1

**BISNAR | CHASE**

2
ONE NEWPORT PLACE
1301 Dove St., Suite 120

3
Newport Beach, CA  92660
Phone: (949) 752-2999

4
Facsimile: (949) 752-2777
BRIAN D. CHASE, State Bar No. 164109
JOHN V. BELL, State Bar No. 199142

5
SCOTT A. RITSEMA, State Bar No. 138193
STEVEN MEEKS, State Bar No. 84663
JERUSALEM F. BELIGAN, State Bar No. 211258

6
Attorneys for Plaintiff Endang Widjaja

7

8
**THE UNITED STATES DISTRICT COURT FOR THE**

9
**EASTERN DISTRICT OF CALIFORNIA**

10

11
ENDANG WIDJAJA, Individually, and on
Behalf of all Others Similarly Situated,

12
                    Plaintiff,

13
        vs.

14
YUM! Brands, Inc.; Taco Bell Corp.; Taco

15
Bell; and DOES 1 TO 100, Inclusive,

16
                    Defendants.

17

18

19

20

21

22

23

CASE NO.:    1:09-cv-1074-OWW-DLB

**PLAINTIFF ENDANG WIDJAJA'S OPPOSITION TO THE INTERVENORS' MOTION TO INTERVENE AND STRIKE THE CLASS ALLEGATIONS IN PLAINTIFF'S COMPLAINT OR, IN THE ALTERNATIVE, STAY PLAINTIFF'S ACTION; AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

**(Filed Concurrently With the Declaration of Jerusalem F. Beligan in Support of Plaintiff's Oppositions to Defendants' Motion to Dismiss or Stay and Intervenors' Motion to Intervene and Strike the Class Allegations in Plaintiff's Complaint or, in the Alternative, Stay Plaintiff's Action)**

Date:          October 19, 2009
Time:          10:00 a.m.
Judge:         Hon. Oliver W. Wagner
Courtroom:     3

24
///

25
///

26
///

27
///

28
///

1

BISNAR | CHASE

# **TABLE OF CONTENTS**

PRELIMINARY STATEMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

STATEMENT OF FACTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

    1.    INTERVENTION MUST BE DENIED AS THE INTERVENORS FAILED TO SATISFY THE ELEMENTS NECESSARY TO INTERVENE AS A MATTER OF RIGHT OR PERMISSIVELY. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

        A.    The Intervenors Have not and Cannot Satisfy the Four Elements Necessary to Intervene as a Matter of Right. . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

            i)    The Resolution of the Issue Raised in the Motion will Neither Affect the Interests nor Rights of the Intervenors. . . . . . . . . . . . . . . . . . 11

            ii)    Even if the Intervenors' Interests or Rights Could be Affected by the Resolution of the Issue Raised in the Motion, the Intervenor's Rights are Being Adequately Represented by Defendants. . . . . . . . . . . . . 12

            iii)    Not Only did the Intervenors Fail to Establish the First Three Elements, the Intervenors Failed to Prove the Timeliness of Their Motion. . 13

        B.    Permissive Intervention is Unwarranted Under These Circumstances. . . . 14

    2.    EVEN IF THEY COULD INTERVENE AT THE HEARING OF THE MOTION, THE INTERVENORS CANNOT AND MUST NOT BE ALLOWED TO EXPAND OR RELITIGATE ISSUES ALREADY DECIDED IN THE UNDERLYING ACTION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

    3.    ASSUMING INTERVENTION IS ALLOWED, THIS COURT SHOULD STILL DENY THE MOTION TO STRIKE AS THE INTERVENORS HAVE NO STANDING TO BRING THE MOTION AS IT WAS UNTIMELY FILED. . . . 17

BISNAR | CHASE

A.  The Motion to Strike is Untimely and Therefore the Intervenors Lack Standing to Bring Same. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

B.  Even if the Intervenors Could Somehow Revive the Deadline to File a Motion to Strike (Which They Cannot), the First-to-File Rule Does not Apply in This Factual Situation. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

C.  Even if we Assume the Rule Applied in This Case, the Intervenors Have not Satisfied the Elements of the Rule. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

    i)   The Other Actions Involve Different Named Parties as Well as Different Definitions of the Proposed Class Members. . . . . . . . . . 19

    ii)  Although They Partially Overlap, not all of the Causes of Action Contained in Plaintiff's Complaint are Present in the Consolidated Actions. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

D.  The Cases Cited by the Intervenors are Inapposite and Unpersuasive. . . . 20

4.  FAIRNESS AND EQUITY TO PLAINTIFF NECESSITATE CONSOLIDATION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

BISNAR | CHASE

**Plaintiff's Opposition to Motion to Intervene and to Strike Class Allegations, etc.**

1

## **TABLE OF AUTHORITIES**

2
Federal Cases

3
Alltrade, Inc. v. Uniweld Products, Inc., 946 F. 2d 622, 629 (9th Circuit 1991) . . . . . . . . . . . . . 19

4
Arakaki v. Cayetano, 324 F. 3d 1078, 1084 (9th Cir. 2003) . . . . . . . . . . . . . . . . . . . . . . . 11, 12

5
Blake v. Pallan, 554 F. 2d 947, 954 (9th Cir. 1977) . . . . . . . . . . . . . . . . . . . . . . . 11

6
CMAX, Inc. v. Hall, 300 F. 2d 265, 268 (9th Cir. 1962) . . . . . . . . . . . . . . . . . . . . . . . 20

7
Donnelly v. Glickman, 159 F. 3d 405, 409 (9th Cir. 1998) . . . . . . . . . . . . . . . . . . . . . . . 11

8
Geisser v. U.S., 554 F. 2d 698, 705 fn. 6 (5th Cir. 1977) . . . . . . . . . . . . . . . . . . . . . . . 16

9
General Insurance Co. of America v. Hercules Construction Co., 385 F. 2d 13, 18

10
      (8th Cir. 1967) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

11
Hartley Pen Co. v. Lindy Pen Co., Inc., 16 F.R.D. 141 (S.D.C.D. 1954) . . . . . . . . . . . . . . . . . 16

12
Hyland v. Harrison, 2006 WL 288247 (D. Del. 2006) . . . . . . . . . . . . . . . . . . . . . . . . . 15

13
Intersearch Worldwide, Ltd. v. Intersearch Group, Inc., 544 F. Supp. 2d 949, 957

14
      (N.D. Cal. 2008) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

15
In the Matter of Oceana International, Inc., 49 F.R.D. 329, 332 (S.D.N.Y. 1970) . . . . . . . . . . . 11

16
James v. AT&T Corp., 334 F. Supp. 2d 410 (S.D.N.Y. 2004) . . . . . . . . . . . . . . . . . . . . . . 20

17
League of United Latin American Citizens v. Wilson, 131 F. 3d 1297, 1308 (1997) . . . . . . . . . 14

18
Mastercard International, Inc.471 F. 3d 377, 390 (2nd Cir. 2006) . . . . . . . . . . . . . . . . . . . . 13

19
Pacesetter Systems, Inc. v. Medtronic, Inc., 678 F. 2d 93, 94-95 (9th Circuit 1982) . . . . . . . . . 18

20
Peak v. Green Tree Financial Servicing Corp., 2000 WL 973685 (N.D. Cal.) . . . . . . . . . . . . . . 20

21
Santiago-Sepulveda v. Esso Standard Oil Co., 256 F.R.D. 39, 43 (U.S.D.C. 2009) . . . . . . . . . 16

22
South v. Rowe, 759 F.2d 610, 612  (7th Cir. 1985) . . . . . . . . . . . . . . . . . . . . . . . . 11, 13

23
Spangler v. Pasadena City Board of Education, 552 F. 2d 1326, 1329 (9th Cir. 1977) . . . . . . . . 15

24
Stanbury Law Firm v. I.R.S., 221 F. 3d 1059, 1063 (8th Cir. 2000) . . . . . . . . . . . . . . . . . . 17

25
Trbovich v. United Mine Workers of America, 404 U.S. 528, 538 (1972) . . . . . . . . . . . . . . . 12

26
U.S. v. U.S. Steel Corp., 548 F. 2d 1232, 1236 (5th Cir. 1977) . . . . . . . . . . . . . . . . . . . . 12

27
Walker v. Progressive Casualty Insurance Co., 2003 WL 21056704 (W.D.  Wash.) . . . . . . . . . 18

28
/////

**Plaintiff's Opposition to Motion to Intervene and to Strike Class Allegations, etc.**

<u>Federal Rules of Civil Procedure</u>

Rule 11(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . <u>9</u>

Rule 12(f) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . <u>17</u>

Rule 24(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10, 11, 12

Rule.24(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . <u>9</u>, 14

Rule 24(c) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14, <u>17</u>

<u>Local Rule of the United States District Court for the Eastern District of California</u>

Local Rule 5-135 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . <u>20</u>

<u>State Statutes</u>

California Business & Professions Code § 17200 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

## MEMORANDUM OF POINTS AND AUTHORITIES

## PRELIMINARY STATEMENT

This is a class-action complaint brought by Plaintiff Endang Widjaja ("Plaintiff") against Defendants YUM! Brands, Inc. and Taco Bell Corp. ("Defendants") for, among other things, the following: (1) failure to reimburse expenses; (2) failure to provide rest periods; (3) violation of California Business & Professions Code § 17200; and (4) conversion ("Plaintiff's "Complaint"). (See Exhibit A.) On July 22, 2009, Defendants filed a motion seeking to dismiss, stay or merge Plaintiff's action with the consolidated class actions currently pending with this Court (the "Motion"). On the eve of the hearing on the Motion, two of the four plaintiffs in the consolidated actions (Sandrika Medlock and Lisa Hardiman, collectively the "Intervenors") filed a motion to intervene in the hearing on the Motion in a dire attempt to strike the class-action allegations in Plaintiff's Complaint or, in the alternative, stay Plaintiff's action. Initially it should be noted that the Intervenors served their motion on Plaintiff's former counsel in violation of Local Rule 5-135 of the Eastern District of California.[1] Nonetheless, and despite the improper service, the Intervenors' motion must be denied as it fails to satisfy any of the elements necessary to intervene as a matter of right or permissively. Even if they could intervene, the Intervenors lack standing to bring a motion to strike as the deadline to file said motion expired months ago. Under either scenario, denial of the Intervenors' motion is not only warranted but sanctionable under Rule 11(b)(1) and (2) of the Federal Rules of Civil Procedure.

## STATEMENT OF FACTS

- Plaintiff's Complaint was filed on February 11, 2009 in Orange County Superior Court. (See Exhibit A.)
- Defendants were served with Plaintiff's Complaint on or about March 26 and 30, 2009, respectively. (See Exhibit B.)
- On April 24, 2009, Defendants removed Plaintiff's action to the United States District Court for the Central District and was initially assigned to Hon. Cormac J. Carney [Case no. SACV

---

[1] All further local rule references herein are to the Eastern District of California Local Rules.

BISNAR | CHASE

1    8:09-cv-502 CJC (JWJx)].[2]  (See Exhibit C.)

2   •   On April 28, 2009, Defendants filed a Notice of Pendency of Other Actions in which

3       Defendants notified Judge Carney of four other related cases (the "Other Actions") which were

4       pending in the Eastern District with Hon. Oliver W. Wanger (this "Court"):

6           "*Medlock v. Taco Bell Corp., et al.*, United States District Court Case No.

7           1:04-cv-01314-OWW-DLB ('*Medlock*'), filed on September 7, 2007 and

8           currently pending in the United States District Court for the Eastern District of

9           California . . .

11          *Hardiman v. Taco Bell Corp., et al.*, Case No. 1:08-cv-01081-OWW-DLB

12          ('*Hardiman*'), originally filed on April 11, 2008 in Fresno County Superior

13          Court and removed to the Eastern District of California on July 25, 2008 . . .

15          *Leyva v. Taco Bell Corp., et al.*, Case No. 1:09-cv-00200-OWW-DLB

16          ('*Leyva*'), originally filed on June 16, 2008, in Los Angeles County Superior

17          Court . . . and transferred to the United States District Court for the Eastern

18          District on January 30, 2009 . . .

21          *Naranjo v. YUM! Brands, Inc. et al.*, Case No. 1:09-cv-00246-OWW-DLB

22          ('*Naranjo*'), originally filed on November 5, 2008 in Orange County Superior

23          Court . . . and transferred to the United States District Court for the Eastern

24          District on February 9, 2009 . . ."  (See Exhibit D.)

26   /////

---

28  [2]  Plaintiff's action was subsequently transferred to Hon. David O. Carter.

- On May 1, 2009, and instead of stipulating to transfer and consolidate Plaintiff's action with the Other Actions – in order to expedite the prosecution of these matters – Defendants filed a motion to dismiss, stay, or, in the alternative, transfer Plaintiff's action to the Eastern District.  (See Exhibit E.)

- On June 8, 2009, Judge Carter denied Defendants' motion to dismiss or stay and transferred Plaintiff's action to the Eastern District on the basis of fairness and equity to Plaintiff:

> "This Court can for reasons of fairness and equity choose not to apply the first-to-file rule even if the three factors are met.  *Id.*  In this case, *due to the fact that Plaintiff and Defendants are in disagreement over whether Plaintiff is truly represented in the pending litigation against Defendants in the Eastern District, this Court is of the opinion that fairness to Plaintiff requires transferring the case to the Eastern District* where the court has familiarity with the issue [and] can consolidate the case or dismiss it if it so chooses.  In addition, *with respect to the third factor, Plaintiff alleges a cause of action for conversion that is not mentioned in the cases that are currently pending.*  In order to give Plaintiff a fair chance to litigate this claim, a transfer to the Eastern District, where the court can decide whether to consolidate this action with the Other Actions, is more appropriate."  [See Exhibit F, p. 7: 3-12 (emphasis added).]

- Contemporaneously, on June 8, 2009, this Court issued a Pretrial Order (the "Order") formally consolidating *Medlock*, *Hardiman*, *Leyva*, and *Naranjo* (the "Consolidated Actions").  (See Exhibit G, p. 2: 8-18.)  This Court also established a Master Docket for the Consolidated Actions and for any other actions which were subsequently consolidated therein.  (Id. at p. 3: 11-14.)  In the Order, this Court and the attorneys involved in the Consolidated Actions anticipated the filing or transferring of additional related actions to the Eastern District.  (Id. at p. 4.)  Indeed, the Order contained a specific section, entitled "Newly Filed or Transferred Actions," which stated, in pertinent part, the following:

> "When a case that arises out of the same operative facts as the Consolidated Actions is hereinafter filed in or transferred to this Court, it *shall* be consolidated with the Consolidated Actions, and the Clerk of the Court shall:
>
> 1.   File a copy of this Order in the separate file for such action;
> 2.   *Mail a copy of this Order to the attorneys for the Plaintiff(s) in the newly-filed or transferred case* and to any new Defendant(s) in the newly-filed or transferred case; and

**Plaintiff's Opposition to Motion to Intervene and to Strike Class Allegations, etc.**

3.     Make the appropriate entry in the Master Docket.

*Assistance of counsel is requested in calling to the attention of the Clerk of this Court the filing or transfer of any case that might properly be consolidated as part of this litigation.*" [Id. at p. 4: 1-15 (emphasis added)]

- Neither Plaintiff nor her counsel were ever served a copy of the Order and were not aware of the Order until it was produced as exhibits in Defendants and the Intervenors' motions. [See Declaration of Jerusalem F. Beligan ("Beligan Decl.") at para. 9.) Plaintiff was kept in the dark with respect to the Order.

- When Plaintiff's action was transferred to the Eastern District, it was initially assigned to Hon. Anthony W. Ishii (Case no. 1:09-cv-1074 AWI-GSA). (See Beligan Decl. at para. 10.)

- On June 18, 2009, Defendants' answered Plaintiff's Complaint. (See Exhibits H and I, respectively.)

- On June 24, 2009, Defendants filed a Notice of Related Case and advised Judge Ishii that they were "*concurrently filing* in [the Consolidated Actions] a Notice of Related Case [a]nd Request for Consolidation" pursuant to the Order. [See Exhibit J, p. 3: 1-7 (emphasis added).] Accordingly, on June 29, 2009, Judge Ishii transferred Plaintiff's action to this Court and deferred consolidation pending "Defendants' filing of a noticed motion for consolidation." (See Exhibit K, p. 1: 26; and 2: 1-2.)

- The day after Plaintiff's action was transferred to this Court, on June 25, 2009, a Scheduling Conference was held in the Consolidated Actions in which this Court issued several deadlines as to when to complete discovery on certain issues and when certain dispositive motions had to be filed. (See Exhibit L, p. 1: 27-28.) Namely, a motion dismissing Yum! Brands, Inc. as a party had to be filed by Defendants no later than November 30, 2009. (Id. at p. 19: 26-28; and p. 20: 1-5.) More importantly, however, this Court set the briefing schedule for the class-certification motion. (Id. at p. 20: 8-15.) The deadlines to file and oppose said motion were set for August 6, 2010 and October 26, 2010, respectively. (Id.)

**Plaintiff's Opposition to Motion to Intervene and to Strike Class Allegations, etc.**

The hearing on the motion was not set until January 10, 2011. (<u>Id</u>.)

- On July 22, 2009, Defendants filed the Motion which was originally scheduled to be heard on October 5, 2009, but was subsequently continued to October 19, 2009. (<u>See</u> Exhibit M.)

- On September 18, 2009, the Intervenors filed and personally served their motion upon Plaintiff's *former* counsel. (<u>See</u> Exhibits N and O.)

## ARGUMENT

**1. INTERVENTION MUST BE DENIED AS THE INTERVENORS FAILED TO SATISFY THE ELEMENTS NECESSARY TO INTERVENE AS A MATTER OF RIGHT OR PERMISSIVELY.**

There are two ways a party may intervene in an action: (1) as a matter of right; or (2) permissively by way of the court's discretion. A nonparty is entitled to intervene as a matter of right *only if* a federal statute confers the unconditional right to intervene in the action, or the applicant claims an interest which may, as a practical matter, be impaired or impeded by disposition of the pending action, and that interest is not adequately represented by existing parties. <u>See</u> Fed. Rule Civ. Proc. § 24(a). On the other hand, intervention may be allowed permissively in the court's discretion when a federal statute confers a conditional right to intervene, or the applicant's claim or defense and the underlying action involve a common question or law or fact. <u>See</u> Fed. Rule Civ. Proc. § 24(b). In the present motion, the Intervenors *do not* contend that they have a right to intervene based on any federal statute. Rather, the Intervenors contend that their "interest in ensuring the protection of *their claims from inconsistent rulings*, and . . . the expeditious prosecution of their action against Defendants" would somehow be negatively affected by the Motion. <u>See</u> Intervenors' motion, p. 11: 15-21 (emphasis added). Plaintiff is at a loss as to how the Intervenors' interests, as defined above, could be adversely affected by the Motion: a motion in which the sole issue is whether Plaintiff's action should be consolidated with the Consolidated Actions. Nevertheless, and as explained below, the Intervenors failed to establish the essential elements necessary to intervene under either theory.

/////

**Plaintiff's Opposition to Motion to Intervene and to Strike Class Allegations, etc.**

1  **A.      The Intervenors Have not and Cannot Satisfy the Four Elements Necessary to**

2  **Intervene as a Matter of Right.**

3        In order to intervene as a matter of right, the Intervenors *must* meet each of the following

4  requirements: (1) they claim an interest relating to the property or transaction which is the subject

5  of the action; (2) the disposition of the action may as a practical matter impair or impede their

6  ability to protect that interest; (3) their interest is not adequately represented by existing parties; and

7  (4) the motion for intervention is timely. See South v. Rowe, 759 F.2d 610, 612  (7th Cir. 1985);

8  see also Fed. Rule Civ. Proc. § 24(a).  None of these elements have been met.

9        **i)      The Resolution of the Issue Raised in the Motion will Neither Affect the**

10  **Interests nor Rights of the Intervenors.**

11        As a condition precedent to intervention, the intervenor must show that its entitlement or

12  interest in some type of property (e.g., real estate, personal property, wages) would be affected by

13  adjudication of the issues in the underlying action. See In the Matter of Oceana International, Inc.,

14  49 F.R.D. 329, 332 (S.D.N.Y. 1970) (holding that sufficient interest existed where ruling in the

15  underlying action could vitiate intervenor's title and right to possess property).  This element is met

16  only if the resolution of the underlying claim will *actually* affect the intervenor.  See Arakaki v.

17  Cayetano, 324 F. 3d 1078, 1084 (9th Cir. 2003); see also Donnelly v. Glickman, 159 F. 3d 405, 409

18  (9th Cir. 1998) (male employees denied leave to intervene in female employee's Title VII gender

19  discrimination action as none of the remedies sought by the female employee affected them.)  The

20  sole issue in the Motion is whether Plaintiff's action should be consolidated with the Consolidated

21  Actions.  Nothing more.  None of the dispositive issues raised in the Consolidated Actions or in

22  the Scheduling Conference Order are being addressed in the Motion. None of the Intervenors rights

23  or interests in property or wages will actually be affected by the resolution of the Motion.  There

24  is not a chance that the resolution of the Motion would result in inconsistent rulings with the

25  Intervenors' claims.  Moreover, the mere fact that the consolidation of Plaintiff's action would

26  somehow inconvenience the Intervenors by delaying the litigation is not a recognizable interest

27  worthy of protection.  See Blake v. Pallan, 554 F. 2d 947, 954 (9th Cir. 1977).  In a nutshell, the

28  Intervenors have not identified a single interest warranting protection.

BISNAR | CHASE

**Plaintiff's Opposition to Motion to Intervene and to Strike Class Allegations, etc.**

**ii)** **Even if the Intervenors' Interests or Rights Could be Affected by the Resolution of the Issue Raised in the Motion, the Intervenor's Rights are Being Adequately Represented by Defendants.**

There is no right to intervene if the applicant's interests are being adequately represented in the underlying action. See Fed. Rule Civ. Proc. § 24(a)(2). A party seeking to intervene as a matter of right must produce some tangible basis to support a claim of purported inadequacy. See Trbovich v. United Mine Workers of America, 404 U.S. 528, 538 (1972). Moreover, when the would-be intervenor and an existing party share the same "ultimate objective," a presumption of adequate representation arises, and a "compelling showing" is required to rebut that presumption. See Arakaki, 324 F. 3d at 1086. Representation is adequate "if no collusion is shown between the representative and an opposing party, if the representative does not have or represent an interest adverse to the proposed intervenor and the if the representative does not fail in the fulfillment of his duty." See U.S. v. U.S. Steel Corp., 548 F. 2d 1232, 1236 (5th Cir. 1977).

Here, and for purposes of the Motion, Defendants and the Intervenors share the same goal which is to attempt to eliminate Plaintiff's action under the ruse that they are so far in the litigation that it would be too burdensome to include one more action with the Consolidated Actions. An argument which is belied by the fact that this Court created a procedure in which to include newly-filed and transferred actions. Moreover, discovery is still open and has not been completed. Plaintiff is in the dark as to whether her interests and claims have been protected and preserved. In addition, the Intervenors have taken only one deposition, the discovery cut off is not until June 24, 2010, and the hearing on the class certification will not be heard until January 10, 2011.

In their respective motions, Defendants and Intervenors raised the same arguments, and are nearly identical, with the exception that the Intervenors seek to improperly strike Plaintiff's class-action allegations. Most notably, the Intervenors have not submitted any competent evidence showing Defendants are incapable of prosecuting the case without their assistance. Without production of evidence of the inadequacy of counsel, this element cannot be met.

/////

BISNAR | CHASE

**Plaintiff's Opposition to Motion to Intervene and to Strike Class Allegations, etc.**

1          iii)    **Not Only did the Intervenors Fail to Establish the First Three**

2                      **Elements, the Intervenors Failed to Prove the Timeliness of Their**

3                      **Motion.**

4        The determination of timeliness is committed to the sound discretion of the district judge.

5 See <u>South</u>, 759 F.2d at 612. Although the court's judgment as to timeliness is made under the

6 totality of the circumstances, the following factors should be considered: (1) the length of time the

7 intervenor knew or should have known of his interest in the case; (2) the prejudice to the original

8 parties caused by the delay; (3) the resulting prejudice to the intervenor if the motion is denied; and

9 (4) any unusual circumstances.

10        Conveniently, the Intervenors filed and personally served their motion (on the *wrong*

11 counsel) on the last day the motion could have been filed to ensure that Plaintiff had the least

12 amount of time to oppose their motion. The Intervenors also conveniently noticed their motion at

13 the same time as Defendants' Motion, forcing Plaintiff to oppose two separate motions on the same

14 day. This is gamesmanship. Undoubtedly, the Intervenors knew of the Plaintiff's action well in

15 advance of the Motion and sprung their motion at the last minute to burden Plaintiff and to cause

16 delay. The Intervenors have been in direct contact with Defendants throughout the entire course

17 of this litigation, and presumably discussed the Motion. Indeed, the Motion is referenced multiple

18 times in the Intervenors' motion. Moreover, Plaintiff's Complaint and other filings, including the

19 Motion, were publicly available for the Intervenors to review and access well in advance of the

20 hearing on the Motion. The totality of the evidence lends credence to the fact that the Intervenors

21 had knowledge of Plaintiff's action, including the Motion, well in advance of the scheduled hearing

22 date.

23        Despite this knowledge, Plaintiff is at a loss as to why the Intervenors did not bring the

24 motion earlier. The preliminary determination of whether the Intervenors could intervene in the

25 first place should have been addressed well in advance of the Motion. Instead, they laid and waited

26 to the last minute to spring their motion. The Intervenors provide no explanation as to why they

27 waited so long to file their motion. This tactic is looked down upon with a jaundiced eye and

28 warrants denial of the motion. See <u>Mastercard International, Inc. v. Visa Internation Service</u>

**Plaintiff's Opposition to Motion to Intervene and to Strike Class Allegations, etc.**

1   Association, Inc., 471 F. 3d 377, 390 (2ⁿᵈ Cir. 2006) (holding that motion to intervene was untimely

2   where movant waited until the eve of the preliminary injunctive hearing).

3        Moreover, and as noted above, the Intervenors will not be prejudiced if they are denied

4   intervention since their absence in the hearing of the Motion will not cause them to lose any rights

5   if Plaintiff prevails.

6        Finally, the Intervenors motion is defective since they failed to file a separate pleading

7   setting forth the *claim or defense* which they seek to assert in the underlying action.  See Fed. Rule

8   Civ. Proc. § 24(c).  Because the Intervenors motion is defective and fails to establish a single

9   element required to intervene as a matter of right, their motion must be denied.

10

11   **B.**     **Permissive Intervention is Unwarranted Under These Circumstances.**

12        Permissive intervention is a two-stage process.  First, the district court must decide whether

13   one of the grounds for such intervention exists.  See Fed. Rule Civ. Proc. § 24(b)(1)(A).  If this

14   threshold requirement is met, the court must then exercise its discretion in deciding whether

15   intervention should be allowed.   Since a federal statute does not exist which would allow

16   intervention, the Intervenors must show that they have "a claim or defense that shares with the main

17   action a common question of law or fact."  See Fed. Rule Civ. Proc. § 24(b)(1)(B).  Here, and even

18   though Plaintiff and the Intervenors' complaints partially share similar causes of action, the issue

19   raised in the Motion will not limit or adversely affect the Intervenors' claims.  Accordingly, the

20   Intervenors failed to satisfy the conditional prerequisite for permissive intervention.

21        Even if grounds existed for permissive intervention, this Court "must consider whether the

22   intervention will unduly delay or prejudice the adjudication of the original parties' rights."  See Fed.

23   Rule Civ. Proc. § 24(b)(3).  In determining whether there has been undue delay, courts consider the

24   "timeliness" factors addressed above.  In the context of permissive intervention, however, courts

25   analyze those factors "*more strictly*" than with intervention as a matter of right.  See League of

26   United Latin American Citizens v. Wilson, 131 F. 3d 1297, 1308 (1997).  Only the prejudice to the

27   "original parties" – *not* to the would-be intervenors – are to be considered by this Court.  See Fed.

28   Rule Civ. Proc. Code § 24(b)(3).  Here, and to avoid repeating the same arguments with respect to

14

**Plaintiff's Opposition to Motion to Intervene and to Strike Class Allegations, etc.**

1    timeliness, Plaintiff respectfully refers this Court to section 1.A.(iii) of this opposition.

2         Moreover, if the initial conditions are met, this Court may also consider the following

3    relevant factors in deciding whether to allow permissive intervention:

4         1)   "[T]heir standing to raise relevant legal issues." Here, and as explained in more

5              detail below, the Intervenors neither have the right to expand the legal issues at the

6              hearing of the Motion, nor do they have any standing to strike Plaintiff's class-

7              action allegations.

8         2)   "[T]he legal position they seek to advance, and its probable relation to the merits

9              of the case." The Intervenors' motion to strike Plaintiff's class-action allegations

10             has no relation to the issues raised in the Motion.

11        3)   "[W]hether the intervenors' interest are adequately represented by other parties."

12             To avoid repeating the same arguments, Plaintiff respectfully refers this Court to

13             Section 1.A.(ii) of this opposition.

14        4)   "[W]hether the would-be intervenors 'will significantly contribute to the full

15             development of the underlying factual issues in the suit and to the just and equitable

16             adjudication of the legal questions presented.'" See Spangler v. Pasadena City

17             Board of Education, 552 F. 2d 1326, 1329 (9th Cir. 1977). Here, the Intervenors

18             participation will not shed any light on the issue raised in the Motion, but rather,

19             expand and complicate the issues.

20         Finally, the unreported case cited by the Intervenors, Hyland v. Harrison, 2006 WL 288247

21   (D. Del. 2006), is factually distinguishable and has no bearing on this case.[3] Hyland involved two

22   separate plaintiffs, who filed similar class actions in two different venues, and whom were in a "tug

23   of war" as to who should serve as lead plaintiff. Id. at 7. The court in Hyland stayed its action to

24   allow the other court to address the issues of who should act as lead plaintiff and to determine the

25   appropriate venue for the class-actions. Id. at 7-8. Unlike Hyland, Plaintiff is not contending that

26   she serve as lead plaintiff and that her attorney serve as lead counsel. There is no "tug of war"

27

28   [3] None of the unreported case cited by the Intervenors were appended to the brief as required
     by Local Rule 5-133(i).

BISNAR | CHASE

**Plaintiff's Opposition to Motion to Intervene and to Strike Class Allegations, etc.**

1   between Plaintiff and the Intervenors.  All that Plaintiff seeks is that her matter be consolidated

2   with the Consolidated Actions to prevent further delay of the prosecution of these matters.

3   Therefore, under the totality of the circumstances, permissive intervention is unwarranted.

4   **2.   EVEN IF THEY COULD INTERVENE AT THE HEARING OF THE MOTION,**

5   **THE INTERVENORS CANNOT AND MUST NOT BE ALLOWED TO EXPAND**

6   **OR RELITIGATE ISSUES ALREADY DECIDED IN THE UNDERLYING**

7   **ACTION.**

8          The law is clear: the intervenor must take the main suit as he finds it, "but only in the sense

9   that he *cannot* change the issues framed between the original parties, and must join subject to the

10  proceedings that have occurred prior to his intervention; he cannot unring the bell." See Hartley

11  Pen Co. v. Lindy Pen Co., Inc., 16 F.R.D. 141 (S.D.C.D. 1954) (emphasis added).  An intervenor

12  accepts the pleadings as he finds them and has no right to relitigate issues already decided.  See

13  General Insurance Co. of America v. Hercules Construction Co., 385 F. 2d 13, 18 (8th Cir. 1967);

14  see also, Geisser v. U.S., 554 F. 2d 698, 705 fn. 6 (5th Cir. 1977).  An intervening party "may argue

15  only the issues raised by the principal parties and may not enlarge those issues." See Santiago-

16  Sepulveda v. Esso Standard Oil Co., 256 F.R.D. 39, 43 (U.S.D.C. 2009) (preventing intervenor

17  from expanding issues and parties who were not involved in the original litigation).  Only in an

18  "extraordinary case" may the court depart from this rule.  Id.  The underlying policy for this rule

19  is to prevent intervenors from *circumventing* statutory time limitations.  Id.

20         The principal parties to the Motion are Plaintiff and Defendants.  Not once in any of the

21  prior pleadings between these principal parties, including the Motion, has the issue of whether the

22  class-action allegations in Plaintiff's Complaint should be stricken.  Now the Intervenors are not

23  only attempting to intervene, but raise separate and distinct issues that did not exist in the

24  underlying action.  The underlying issue in the Motion is whether Plaintiff's action should be

25  consolidated with the Consolidated Actions.  The issue now put forth by the Intervenors, on the

26  other hand, is wholly distinct in that they are requesting to strike Plaintiff's class-action allegations.

27  Allowing the Intervenors to raise them would effectively grant an impermissible "enlargement" of

28  the issues by an intervenor.  Id.  Accordingly, and even if intervention was permitted, this Court

BISNAR | CHASE

**Plaintiff's Opposition to Motion to Intervene and to Strike Class Allegations, etc.**

must not address the new issues raised by the Intervenors in their motion, including the request to stay as that issue has already been litigated and denied by Judge Carter.

**3.**      **ASSUMING INTERVENTION IS ALLOWED, THIS COURT SHOULD STILL DENY THE MOTION TO STRIKE AS THE INTERVENORS HAVE NO STANDING TO BRING THE MOTION AS IT WAS UNTIMELY FILED.**

Contemporaneously with their motion to intervene, the Intervenors filed a motion to strike the class allegations in Plaintiff's Complaint. Initially it should be noted that motions to strike are disfavored as they are regarded as delaying tactics, and because of the policy of favoring resolution on the merits. See Stanbury Law Firm v. I.R.S., 221 F. 3d 1059, 1063 (8th Cir. 2000). Nevertheless, the motion to strike should be denied for two reasons. First, the motion is untimely and therefore the Intervenors lack standing to bring said motion. Moreover, and even if they could somehow bring the motion, the grounds for said motion are unfounded.

**A.**      **The Motion to Strike is Untimely and Therefore the Intervenors Lack Standing to Bring Same.**

A motion to strike *must* be filed before responding to the complaint or within 20 days after being served with the summons and complaint. See Fed. Rule Civ. Proc. § 12(f). Plaintiff's Complaint was filed on February 11, 2009 and was served upon Defendants on or about March 26 and 30, 2009. On June 18, 2009, Defendants answered Plaintiff's Complaint. The last day to attempt to challenge the sufficiency of Plaintiff's Complaint expired on April 20, 2009. Clearly, the time to challenge Plaintiff's Complaint has elapsed. The Intervenors have not cited any authority to establish: (1) they have *standing* to challenge Plaintiff's Complaint; and (2) whether this Court could consider its untimely motion. Moreover, and as set forth above, the Intervenors take the proceedings and pleadings as they find them. Defendants *waived* their right to challenge Plaintiff's Complaint by allowing the deadline to challenge expire and by answering Plaintiff's Complaint. The Intervenors cannot now resurrect those expired deadlines. By doing so, this Court would be allowing the Intervenors to *circumvent* a statutory time limitation.

/////

/////

**Plaintiff's Opposition to Motion to Intervene and to Strike Class Allegations, etc.**

**B.**   **Even if the Intervenors Could Somehow Revive the Deadline to File a Motion to Strike (Which They Cannot), the First-to-File Rule Does not Apply in This Factual Situation.**

Contrary to the Intervenors' contention, the Rule was designed to determine the venue of identical lawsuits filed by the same litigants based on the date of filing of the complaints. "Absent an exception to the first-to-file rule, a court of *second-filing* will defer to a court of *first-filing*, if the two matters before them exhibit *chronology*, identity of parties, and similarity of issues." Intersearch Worldwide, Ltd. v. Intersearch Group, Inc., 544 F. Supp. 2d 949, 957 (N.D. Cal. 2008) (emphasis added). There is a strong presumption across federal circuits that favors the forum of the first-filed suit under the first-filed rule. "Normally sound judicial administration would indicate that when two identical actions are filed in courts of concurrent jurisdiction, the court which first acquired jurisdiction should try the lawsuit and no purpose would be served by proceeding with the second action." Id. This doctrine specifically addresses the situation in which two parties (a plaintiff and defendant) sue each other but in different forums. The Rule is applied to determine which forum will handle the matter. Under the Rule, the first to file the complaint receives priority as to the location of the forum; hence, the phrase "first-to-file." None of the reported cases cited by Defendant support its theory that the Rule can be used to dismiss or stay a pending class-action. Notably, no district court judge has apparently agreed with the Intervenors because none of the Other Actions which were not "first-to-file" were either dismissed or stayed. Instead the Other Actions have all been consolidated, lending credence to Plaintiff's contention that the Rule does not apply in this case.

**C.**   **Even if we Assume the Rule Applied in This Case, the Intervenors Have not Satisfied the Elements of the Rule.**

The Rule only applies if a "complaint involving the *same parties and issues* has already been filed in another district." Pacesetter Systems, Inc. v. Medtronic, Inc., 678 F. 2d 93, 94-95 (9th Circuit 1982). Although the Other Actions were filed prior to Plaintiff's Complaint, the remainder of the elements have not been met.

/////

i)   **The Other Actions Involve Different Named Parties as Well as Different Definitions of the Proposed Class Members.**

The named plaintiff in each of the Other Actions, including the definition of the proposed class, are different and distinct from one another. Moreover, and contrary to the Intervenors' contention, the rights of Plaintiff and the proposed class have neither been secured nor protected since no class has been certified. At this point in time, Plaintiff and the putative class members are not parties in the Consolidated Actions, are not represented in that action, and their claims have not been preserved therein. Therefore, dismissal of the class allegations in Plaintiff's Complaint could effectively bar them from the courthouse.

ii)   **Although They Partially Overlap, not all of the Causes of Action Contained in Plaintiff's Complaint are Present in the Consolidated Actions.**

The causes of action brought by the other plaintiffs in the Consolidated Actions are substantially different from the issues presented in Plaintiff's Complaint. Plaintiff only brought causes of action for failure to reimburse expenses, failure to provide rest periods, violation of Business & Professions Code § 17200, and conversion. The causes of action filed by the other plaintiffs include claims for, among other things, the following: (1) unpaid overtime; (2) minimum wage violation; (3) failure to provide meal periods; (4) improper wage statements; (5) wrongful termination in violation of public policy; and (6) discrimination. These are six separate and distinct claims which are not present in Plaintiff's Complaint. More importantly, however, is the fact that none of the previously filed complaints have a claim for conversion. This is a claim unique to Plaintiff's Complaint. Therefore, a dismissal of Plaintiff's class allegations would bar other putative class members from pursuing a conversion claim and recovering punitive damages. Dismissal of the class allegations would therefore amount to a limitation in the putative class members' rights and remedies. See Alltrade, Inc. v. Uniweld Products, Inc., 946 F. 2d 622, 629 (9th Circuit 1991). Since dismissal of the class allegations could lead to the limitation and potential termination of the rights and remedies of Plaintiff and potential class members, this Court should deny the Intervenors' motion to strike.

BISNAR | CHASE

**Plaintiff's Opposition to Motion to Intervene and to Strike Class Allegations, etc.**

**D.**     **The Cases Cited by the Intervenors are Inapposite and Unpersuasive.**

None of the cases cited by the Intervenors to support their motion to strike are factually similar to the present action. Two of the unreported cases cited by the Intervenors involve scenarios where two separate plaintiffs filed similar class-action suits in separate venues. See Walker v. Progressive Casualty Insurance Co., 2003 WL 21056704 (W.D. Wash.) at 1; and Peak v. Green Tree Financial Servicing Corp., 2000 WL 973685 (N.D. Cal.) at 1-2. In each case, none of the plaintiffs were willing to consolidate their cases; thus, forcing the courts to dismiss the later filed case. Moreover, the Intervenors reliance on James v. AT&T Corp., 334 F. Supp. 2d 410 (S.D.N.Y. 2004) is also misplaced. That case involved a situation where the same plaintiff filed two similar suits in the same district in an attempt to correct an improper service. Id. at 412. It deserves reiteration that Plaintiff is not seeking or requesting that her claim be litigated separately from the Consolidated Actions. To the contrary, Plaintiff is requesting that her case be consolidated so that her case could proceed in a single forum.

**4.**     **FAIRNESS AND EQUITY TO PLAINTIFF NECESSITATE CONSOLIDATION.**

Notably, this Court's creation of a Master Docket and Master File in which to include newly-filed or transferred actions demonstrates this Court's reluctance against dismissing or staying related cases. This Court anticipated the filing of additional actions and established a procedure in which to merge them with the Consolidated Actions.

Staying Plaintiff's action would not promote judicial economy, but further delay the resolution of this matter. Nonetheless, in determining whether to grant the stay, this Court must weigh the competing interests of the affected parties. See CMAX, Inc. v. Hall, 300 F. 2d 265, 268 (9th Cir. 1962). The party seeking the "stay *must* make out a *clear case of hardship* or inequity in being required to go forward." Id. The competing interests for this Court to consider are the following:

1)     "[T]he possible damage which may result from the granting of a stay[.]" Id. Contrary to the Intervenors' contention, and as set forth above, Plaintiff is *not* a member of a certified class. By staying Plaintiff's action, Plaintiff's claims would

1  not be pursued or protected in the Consolidated Actions, but become stale from lack

2  of prosecution.

3     2)   "[T]he hardship or inequity which a party may suffer in being required to go

4  forward[.]"  The Scheduling Conference in the Consolidated Actions was held on

5  June 25, 2009.  In said conference, this Court laid out the deadlines in which to

6  complete class discovery and when the class-certification motion and opposition

7  thereto were to be filed.  All of said deadlines were not set until mid-to-late next

8  year, allowing Plaintiff, the Intervenors and Defendants sufficient time to prepare

9  and respond to discovery and finalize their respective motions and oppositions

10  thereto.

11     3)   "[T]he orderly course of justice measured in terms of simplifying or complicating

12  of issues, proof, and questions of law which could be expected to result from a

13  stay[.]"  Id.  Staying Plaintiff's action would only complicate the issues and could

14  lead to inconsistent rulings.  Consolidating the matters into a single action would

15  lead to a narrowing of issues and a more efficient manner in which to bring these

16  matters to a final resolution.

17  Here, the Intervenors have not met the high threshold which would justify staying Plaintiff's

18  action. In the interests of judicial economy and efficiency, consolidation of these actions is the best

19  and only viable option.

20  **CONCLUSION**

21  For all the foregoing reasons, Plaintiff respectfully requests this Court to deny the

22  Intervenors' motion in its entirety.

23

24  DATED: October 2, 2009            **BISNAR | CHASE**

25

26                By: _____

27                    BRIAN D. CHASE, Esq.
                  JERUSALEM F. BELIGAN, Esq.

28                    Attorneys for Plaintiff Endang Widjaja

BISNAR | CHASE

**Plaintiff's Opposition to Motion to Intervene and to Strike Class Allegations, etc.**

1

**PROOF OF SERVICE**
*Widjaja v. Yum! Brands, Inc., et al.*

2

United States District Court - Eastern District Case No. 1:09-cv-01074 OWW (DLB)

3

I am employed in the County of Orange, State of California.  I am over the age of eighteen years and not a party to the within action; my business address is 1301 Dove

4

Street, Suite 120, Newport Beach, CA, 92660.

5

On October 2, 2009, I served the following document **PLAINTIFF ENDANG**

6

**WIDJAJA'S OPPOSITION TO THE INTERVENORS' MOTION TO INTERVENE AND STRIKE THE CLASS ALLEGATIONS IN PLAINTIFF'S COMPLAINT OR, IN**

7

**THE ALTERNATIVE, STAY PLAINTIFF'S ACTION; AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** upon the following parties in this action:

8

9

***SEE ATTACHED LIST***

10

(X)     **BY MAIL,** by placing a true copy thereof, in an sealed envelope to the addressee(s) below, and depositing the same into the United States mail at the

11

address located set forth herein above, with sufficient first-class postage thereon pre-paid.

12

( )     **BY OVERNIGHT PRIORITY MAIL WITH NEXT DAY DELIVERY**

13

**GUARANTEED**  by placing a true copy thereof, in an sealed envelope to the addressee(s) below, and depositing the same into the **OVERNIGHT EXPRESS** mail drop at the address located set forth herein above, with postage pre-paid.

14

15

( )     **BY PERSONAL SERVICE**, by personally delivering the same to the addressee(s) listed below:

16

( )     **BY FACSIMILE,** by transmitting by facsimile transmission a true and correct copy of the same to the addressee(s) listed below:

17

18

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

19

Executed on October 2, 2009, at Newport Beach, California.

20

21

*Nicole C. Michau*

NICOLE C. MICHAU

22

23

24

25

26

27

28

1
2
3

**SERVICE LIST**
*Widjaja v. Yum! Brands, Inc., et al.*
United States District Court - Eastern District Case No. 1:09-cv-01074 OWW (DLB)

| | |
|---|---|
| Layn R. Phillips, Esq. (lphillips@irell.com) Andra Barmash Greene, Esq. (agreene@irell.com) Julie M. Davis, Esq. (jdavis@irell.com) IRELL & MANELLA LLP 840 Newport Center Drive, Suite 400 Newport Beach, CA 92660-6324 Tel: (949) 760-0991 Fax: (949) 760-5200 | Attorney for Defendants YUM! BRANDS, INC., and TACO BELL CORP. |
| Monica Balderrama, Esq. (mbalderrama@initiativelegal.com) David Lishian Cheng, Esq. (Dcheng@InitiativeLegal.com) Shawn Charles Westrick, Esq. (Swestrick@InitiativeLegal.com) Gregory Yu, Esq. (Gyu@InitiativeLegal.com) Initiative Legal Group APC 1800 Century Park East 2nd Floor Los Angeles, CA 90067 Tel: (310) 556-5637 Fax:(310) 861-9051 | Attorneys for Intervenor Plaintiff SANDRIKA MEDLOCK |