Mónica Balderrama (SBN 196424)
MBalderrama@InitiativeLegal.com
Shawn Westrick (SBN 235313)
SWestrick@InitiativeLegal.com
Gregory Yu (SBN 230520)
GYu@InitiativeLegal.com
David Cheng (SBN 240926)
DCheng@InitiativeLegal.com
Initiative Legal Group, APC
1800 Century Park East, Second Floor
Los Angeles, California 90067
Telephone:  (310) 556-5637
Facsimile:  (310) 861-9051

Attorneys for Proposed Intervenor-Plaintiffs
Medlock and Hardiman

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA - FRESNO DIVISION

| | |
|---|---|
| ENDANG WIDJAJA, Individually, and on Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>vs.<br><br>YUM! Brands, Inc.; Taco Bell Corp.; Taco Bell; and DOES 1 to 100, Inclusive<br><br>Defendants. | Case No.:  1:09-cv-1074-OWW-DLB<br><br>Hon. Oliver W. Wanger<br><br>**PROPOSED INTERVENOR-PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO INTERVENE AND TO STRIKE *WIDJAJA*'S CLASS ALLEGATIONS, OR IN THE ALTERNATIVE, FOR A STAY**<br><br>Date:          October 19, 2009<br>Time:         10:00 a.m.<br>Place:         Courtroom 2 |

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.     INTRODUCTION**

The Opposition[1] posits that "fairness and equity" require that the *Widjaja* action neither be stayed nor have its class allegations stricken, but is built on a faulty premise. The *Widjaja* attorneys argue that their client would effectively be barred from recovering her unpaid wages. In fact, the instant motion's possible remedies—striking class allegations or a stay—would not impede Ms. Widjaja's ability to recover unpaid wages. If the *Widjaja* class allegations are stricken, Ms. Widjaja will still be able to pursue her individual claims against Defendant. If the *Widjaja* action is stayed, Ms. Widjaja still equally stands to recover as a class member in the consolidated actions or she may opt out and pursue her claims individually, irrespective of whether *Widjaja* is among the formally consolidated cases.

But for a redundant conversion claim, Ms. Widjaja's causes of action are all encompassed by *In re Taco Bell*; and, substantively, Ms. Widjaja's claims are identical, as are her prospects for recovery as either an *In re Taco Bell* class member or as an individual plaintiff in her own case. Whether the Court strikes the *Widjaja* class allegations or stays *Widjaja*, the twin aims of "fairness and equity" are served, as is the cause of judicial efficiency, with the late-filed *Widjaja* action assigned a properly subordinate role, but with no diminution in Ms. Widjaja's ability to recover any unpaid wages owed to her.

Accordingly, the motion to strike the *Widjaja* action's class allegations should be granted; or, alternatively, the *Widjaja* action should be stayed to allow the far more advanced *In re Bell* matter to proceed to a now-set class certification filing date, and then to its merits phase, which holds the best—and soonest—prospect of an optimal recovery of unpaid wages for Ms. Widjaja, and, more importantly, for the thousands of prospective class members covered by *In re Taco Bell*.

---

[1] *See* Plaintiff Endang Widjaja's Opposition to the Intervenors' Motion to Intervene and Strike the Class Allegations in Plaintiff's Complaint, or, in the Alternative, Stay Plaintiff's Action; Memorandum of Points and Authorities (E.D. Cal. filed Feb. 11, 2009) referenced and cited, respectively, herein as "Opposition" and "Opp."

Page 1

PROPOSED INTERVENOR-PLFS' REPLY IN SUPP. OF MOT. TO INTERVENE
AND TO STRIKE *WIDJAJA*'S CLASS ALLEGATIONS, OR IN THE ALTERNATIVE, FOR A STAY

## II.     ARGUMENT

### A.     Intervention is Needed in Order to Protect the Interests of the Putative Class from Undue Delay[2]

#### 1.     The Motion to Intervene is Timely

Intervenors timely applied to intervene in the instant action.  *See Westlands Water Dist. v. United States*, 700 F.2d 561, 563 (9th Cir. 1983) (noting timeliness under Rule 24 is to be construed broadly in favor of the party seeking intervention).  *Widjaja* is only recently at-issue.  Despite having been filed over six months ago, the case remains in its earliest procedural stage.  There has been no scheduling conference; no scheduling order has issued.  (*See* Docket No. 24.)

Procedurally, the motion could only barely have been made sooner.  *See People Who Care v. Rockford Bd. of Ed.*, 68 F.3d 172, 175 (7th Cir. 1995) (holding timeliness is "essentially a reasonableness inquiry").  By any measure, Intervenors have been reasonable and diligent in bringing their motion, bringing this motion prior to any substantive litigation—let alone any discovery—taking place.

The Opposition's reliance on *Mastercard Int'l, Inc. v. Visa Int'l Srv. Assoc., Inc.*, 471 F.3d 377, 390 (2d Cir. 2006), is at best misplaced.  In *Mastercard*, the motion to intervene was filed ***after*** the plaintiff had moved for a preliminary injunction.  *Id.*  Here, by contrast, Ms. Widjaja has neither moved for equitable relief nor has there been any other development apart from the recently filed Answer.

The intervention motion has been filed in the *Widjaja* action's earliest stages, and is thus timely.[3]  *See Empire Blue Cross & Blue Shield v. Janet Greeson's A Place for Us, Inc.*, 62 F.3d

---

[2] As a threshold matter, contrary to Ms. Widjaja's assertions, Rule 24 of the Federal Rules of Civil Procedure does not require the existence of a federal statute conferring a right to intervene in the action.  *See* Fed. R. Civ. P. 24(a) (stating intervention as of right is granted under federal statute ***or*** where Intervenor claims an interest subject to the action of which disposition may impede Intervenor's ability to protect that interest); Fed. R. Civ. P. 24(b) (permitting intervention under federal statute ***or*** where Intervenor shares a common question of law or fact with the main action).

[3] Ms. Widjaja's assertion that Intervenors' motion is defective because they failed to file

Page 2

PROPOSED INTERVENOR-PLFS' REPLY IN SUPP. OF MOT. TO INTERVENE
AND TO STRIKE *WIDJAJA*'S CLASS ALLEGATIONS, OR IN THE ALTERNATIVE, FOR A STAY

1217, 1219-20 (9th Cir. 1995).

### 2. Intervention is Warranted as a Matter of Right

Ms. Widjaja argues that intervention is not mandatory because Intervenors' rights would be unaffected (Opp. at 11:19-28) and because Intervenors' rights are being adequately represented by the Defendants (*id.* at 12). Neither argument survives closer examination.

First, the Opposition misconstrues the "protectable interest" requirement, which simply asks whether the claims at issue affect the interests of the Intervenors. *See Arakaki v. Cayetano*, 324 F.3d 1078, 1084 (9th Cir. 2003). Insofar as *In re Taco Bell* alleges the same California Labor Code violations and seeks the same relief as *Widjaja*, Intervenors' direct interest is self-evident.

Second, Defendants do not necessarily adequately protect Intervenors' interests. In contrast to the remedies sought to be imposed by Intervenors (either striking class allegations or a stay), Defendants seek, in the alternative, consolidation of *Widjaja* with *In re Taco Bell*. (*See* Defs.' Mot. to Dismiss at 3 n. 2, Docket No. 29.) Intervenors oppose consolidation. Accordingly, Intervenors' and Defendants' interests are not congruent

Consolidating the late-filed *Widjaja* action with the far more procedurally advanced *In re Taco Bell* risks derailing the Scheduling Order and delaying the established class certification deadline. For example, consolidation would only hinder Intervenors' efforts in moving expeditiously towards class certification by forcing Intervenors to, in part, litigate Ms. Widjaja's derivative and redundant conversion claim, which, under prevailing case law, would ultimately be dismissed. *See, e.g.*, *Ross v. U.S. Bank Nat'l Assoc.*, 542 F.Supp.2d 1014, 1023-24 (N.D. Cal. 2008) (dismissing conversion claim because California Labor Code is adequate in providing remedies for California Labor Code violations); *Jacobs v. Genesco, Inc.*, No. CIV. S-08-1666 FCD/DAD, 2008 U.S. Dist. LEXIS 79882 *5-*8 (E.D. Cal. Sep. 3, 2008) (dismissing plaintiff's conversion claim premised on various wage and hour violations, including failure to provide meal and rest periods); *Thomas v. Home Depot USA, Inc.*, 527 F.Supp.2d 1003, 1009-

---

a separate pleading is without merit insofar as Intervenors nonetheless described the grounds for intervention with sufficient specificity. *See Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 474 (9th Cir. 1992).

Page 3

PROPOSED INTERVENOR-PLFS' REPLY IN SUPP. OF MOT. TO INTERVENE
AND TO STRIKE *WIDJAJA*'S CLASS ALLEGATIONS, OR IN THE ALTERNATIVE, FOR A STAY

1   10 (N.D. Cal. 2007) (dismissing plaintiff's conversion claim, finding that although there are no
2   California cases on point, federal courts have found that the Labor Code provides a
3   comprehensive and detailed remedial scheme that provides an exclusive statutory remedy); *see*
4   *also Vasquez v. Coast Valley Roofing Inc. dba Coast Roofing*, No. CV-F-07-227 OWW/DLB,
5   2007 U.S. Dist. LEXIS 44102 (E.D. Cal. May 31, 2007) (noting this Court previously held in a
6   separate case that the plaintiff's conversion claim, premised on California Labor Code claims
7   for failure to pay minimum and overtime wages and to provide meal and rest periods, was
8   barred).  Consolidation, therefore, would only cause the parties to engage in unnecessary
9   motion practice, waste party and judicial resources, and, more importantly, cause further delay
10  with Intervenors certifying their claims.

11      As such, because Intervenors' interests are at odds with, and not protected by,
12  Defendants, intervention is warranted as a matter of right.  *See Arakaki*, 324 F.3d at 1086;
13  *Sagebrush Rebellion, Inc. v. Watt*, 713 F.2d 525, 528 (9th Cir. 1983).[4]

---

[4] Alternatively, permissive intervention is appropriate.  Ms. Widjaja unavoidably concedes that her claims are substantively identical to *In re Taco Bell*.  Yet Ms. Widjaja contends permissive intervention is unavailable, in part, because Intervenors seek to somehow expand on issues not raised in the original litigation.  Ms. Widjaja is wrong.  The issue presented in their motion is largely the same legal issue still outstanding in this case: how the Court should dispose of *Widjaja*'s duplicative class claims.  That Ms. Widjaja claims that the only issue before this Court is consolidation is merely tangential to this broader question.  Further, this issue was decided, but not fully addressed, earlier in this litigation by the Honorable Judge Carter.  While Judge Carter did not dismiss *Widjaja* outright, he expressly left open that question for this Court to decide.  (*See* Order Granting Defendants' Motion to Dismiss, Docket No. 21 ["this Court is of the opinion that fairness to the Plaintiff requires transferring the case to the Eastern District where the court that has familiarity with the issue can consolidate the case ***or dismiss it if it so chooses***"] [emphasis added].)  Ms. Widjaja further cites the timeliness of Intervenors' motion and the adequate representation of their interests as factors to consider in denying permissive intervention.  Intervenors respectfully refer this Court to Sections II.A.1 and II.A.2 of this Reply.  Consequently, Ms. Widjaja's argument that Intervenors' motion "enlarges" the issues should not be well taken by this Court, and the Court should find permissive intervention appropriate here.

PROPOSED INTERVENOR-PLFS' REPLY IN SUPP. OF MOT. TO INTERVENE
AND TO STRIKE *WIDJAJA*'S CLASS ALLEGATIONS, OR IN THE ALTERNATIVE, FOR A STAY

**B.     *Widjaja*'s Class Claims Should Be Stricken or Stayed Pending Resolution of *In re Taco Bell***

**1.     The Court Can Consider Intervenor-Plaintiffs' Motion to Strike *Widjaja*'s Duplicative Class Claims**

Notwithstanding Ms. Widjaja's assertions that Intervenors' motion to strike is untimely, the Court nonetheless can consider a motion—is empowered to move, *sua sponte*—to strike allegations. *See Williams v. Jader Fuel Co., Inc.*, 944 F.2d 1388, 1399-1400 (7th Cir. 1991).[5] In *Williams*, the Seventh Circuit affirmed a district court's consideration of a formally untimely motion to strike because Rule 12(f) authorizes trial courts to strike a pleading or any portion thereof on its own motion at any time. *See* 944 F.2d at 1399-1400; *accord* Fed. R. Civ. P. 12(f)(1) (specifically authorizing the court to strike a pleading or any portion thereof on its own motion at any time).

Here, Intervenors are bringing this motion so that their interest in effectively and efficiently prosecuting their action against Defendants in *In re Taco Bell* is protected. Further, Ms. Widjaja is not unfairly prejudiced by the motion, as the issues presented in Intervenors' motion are largely similar to the issues already litigated since she first filed this action. (*See, e.g.*, Docket Nos. 6, 13, 29.) Accordingly, the Court should consider Intervenors' motion to strike.

**2.     The First to File Rule Applies Here**

The First-to-File Rule applies and commands that where, as here, the parties and issues in two actions are similar, a district court is empowered to dismiss or stay the later-filed action in favor of the first-filed action. *See Inherent.com v. Martindale-Hubbell*, 420 F.Supp.2d 1093, 1097 (N.D. Cal. 2006). "The 'sameness' requirement does not mandate that the two actions be identical, but is satisfied if they are 'substantially similar.'" *Id.* (citation omitted).

---

[5] *Accord Abarca v Franklin County Water Dist.*, No. 07-CV-0388 OWW-DLB, 2009 U.S. Dist. LEXIS 42609 *14-*16 (E.D. Cal. May 18, 2009) (citing *Williams*, 944 F.2d at 1399-1400); *San Pedro Boat Works, Inc. v. Water Quality Ins. Syndicate*, No. CV 04-08495 DPP (RCx), 2006 U.S. Dist. LEXIS 96881 *8 (C.D. Cal. Jan. 13, 2006).

Page 5

PROPOSED INTERVENOR-PLFS' REPLY IN SUPP. OF MOT. TO INTERVENE
AND TO STRIKE *WIDJAJA*'S CLASS ALLEGATIONS, OR IN THE ALTERNATIVE, FOR A STAY

Consequently, the First-to-File Rule is most commonly applied where, like here, the putative class in the second-filed action is entirely subsumed within the putative class in the first-filed action. "In a class action, the classes, and not the class representatives, are compared" to determine whether the parties are substantially similar, regardless of whether the class has been certified. *Ross v. U.S. Bank Nat'l Assoc.*, 542 F.Supp.2d 1014, 1020 (N.D. Cal. 2008); *Walker v. Progressive Cas. Ins. Co.*, No. C03-656R, 2003 U.S. Dist. LEXIS 7871 (W.D. Wash. May 9, 2003) (applying First-to-File Rule).

Here, the *Widjaja* allegations and those made by the four consolidated *In re Taco Bell* cases are all substantively identical. So, too, do the two actions seek the same remedies. Intervenors' proposed classes fully encompass the proposed *Widjaja* class; both cases seek reimbursement for business expenses and for missed rest periods. (Consolid. Compl. ¶ 19, attached as Ex. 3 to the Declaration of David Cheng in Support of Proposed Intervenor-Plaintiffs' Motion to Intervene and to Strike *Widjaja*'s Class Allegations, or in the Alternative, for a Stay ["Cheng Decl."]; *Widjaja* Complaint ¶ 23(A); *compare Widjaja* Complaint ¶¶ 13-20 [describing Ms. Widjaja's allegations concerning Defendants' failure to provide reimbursement for certain business-related expenses and costs incurred and for failure to provide rest breaks] *with* Consolid. Compl. ¶¶ 41, 43, *supra*, Ex. 3 to Cheng Decl. [alleging, *inter alia*, Defendants' failure to provide reimbursement for certain business-related expenses and costs incurred and for failure to provide rest breaks].) In the argot of First-to-File analysis, therefore, the parties are "substantially similar."

Ms. Widjaja also argues against striking of her class claims to the extent that she has brought a separate claim for conversion.[6] (*See* Opp. at 19:20-21.) However, the conversion claim is entirely derivative of her reimbursement and rest breaks claims, and would be no bar to applying the First-to-File Rule to strike Ms. Widjaja's class claims. *See Walker*, 2003 U.S. Dist. LEXIS at *7-*9. Further, as noted above, the conversion claim would be barred under

---

[6] Intervenors are confused by Ms. Widjaja's assertion that the Intervenors have brought claims not present in Ms. Widjaja's Complaint. (*See* Opp. at 19:13-20.) Her assertion only supports Intervenors' contention that *Widjaja* is entirely subsumed by *In re Taco Bell*.

Page 6

PROPOSED INTERVENOR-PLFS' REPLY IN SUPP. OF MOT. TO INTERVENE
AND TO STRIKE *WIDJAJA*'S CLASS ALLEGATIONS, OR IN THE ALTERNATIVE, FOR A STAY

prevailing case law.  *See, e.g.*, *Ross*, 542 F.Supp.2d at 1023-24; *Jacobs*, 2008 U.S. Dist. LEXIS 79882 at *5-*8; *Thomas*, 527 F.Supp.2d at 1009-10; *see also Vasquez*, 2007 U.S. Dist. LEXIS 44102.

The *Widjaja* conversion claim is the only difference between the operative *Widjaja* complaint and the operative *In re Taco Bell* complaint.  However, because the conversion claim is entirely derivative of the underlying statutory claims for unreimbursed business expenses and rest break violations, it introduces no substantive difference whatsoever to the *Widjaja* action.  As such, the conversion claim is no impediment to staying the *Widjaja* action, or striking its class allegations.

### C. Judicial Economy and Conservation of Party Resources Militate in Favor of Striking the Class Allegations, or Stay of this Case

The only equitable principles relevant here weigh in favor in striking *Widjaja*'s class allegations pursuant to the First-to-File Rule.  *See id.*  Applying the First-to-File Rule will prevent the duplicative litigation, and wasted judicial and party resources that will inevitably result if *Widjaja* proceeds or is consolidated with *In re Taco Bell*.[7]

Alternatively, if the Court denies Intervenors' request to strike *Widjaja*'s class allegations, the Court should stay *Widjaja* pending resolution of *In re Taco Bell* under either the First-to-File Rule or a district court's inherent authority to stay proceedings.  *See Inherent.com*, 420 F. Supp. 2d at 1097; *Espinoza v. County of Fresno*, No. 1:07-CV-01145, 2009 U.S. Dist. LEXIS 58025, at *2-*3 (E.D. Cal. Jun. 18, 2009) (citing *Landis v. North Am. Co.*, 299 U.S. 248, 254-55 (1936)).[8]

---

[7] While Ms. Widjaja notes that the First-to-File Rule applies as to actions filed in another federal court, the fact that a district court has discretion to dismiss an action that is duplicative of another action in another federal court, then, *a fortiori*, it has discretion to dismiss an action that is duplicative of an action pending in its own court.  Nonetheless, the Court has, as part of its general power to administer its docket, the authority to "'stay or dismiss a suit that is duplicative of another federal court suit.'"  *James v. AT&T Corp.*, 334 F.Supp.2d 410, 411 (S.D.N.Y. 2004) (quoting *Curtis v. Citibank, N.A.*, 226 F.3d 133, 138 (2d Cir. 2000) ["The complex problems that can arise from multiple federal filing do not lend themselves to a rigid test, but require instead that the district court consider the equities of the situation when exercising its discretion."]).

[8] Ms. Widjaja brazenly misquotes *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir.

Page 7

PROPOSED INTERVENOR-PLFS' REPLY IN SUPP. OF MOT. TO INTERVENE
AND TO STRIKE *WIDJAJA*'S CLASS ALLEGATIONS, OR IN THE ALTERNATIVE, FOR A STAY

### III. CONCLUSION

Every substantive allegation in *Widjaja* is alleged in *In re Taco Bell*, which will provide the optimal adjudication of these common claims as to Ms. Widjaja and the class members. None of the requested remedies acceptable to Intervenors—stay, or the striking of class allegations—in any way limit Ms. Widjaja's ability to—if she prefers, instead of participating in whatever class recovery an *In re Taco Bell* settlement might yield—pursue her own adjudication of the same claims. However, not included among Ms. Widjaja's is an entitlement to frustrate the far more advanced consolidated *In re Taco Bell.* Thus, consolidation of *Widjaja* into *In re Taco Bell* would be, among the remedies before the Court, inefficient and contrary to the prospective class members' interest in a prompt resolution of their case. Each of the other remedies, though, would both preserve Ms. Widjaja's rights and ensure that *In re Taco Bell* stays on its schedule for a summer of 2010 class certification motion, a schedule that the *Widjaja* could never meet.

Dated: October 9, 2009          Respectfully submitted,

Initiative Legal Group, APC

By: _____
Mónica Balderrama
Shawn Westrick
Gregory Yu
David Cheng

Attorneys for Proposed Intervenor-Plaintiffs Medlock and Hardiman

---

1962). (*See* Opp. at 20:23-24.) Contrary to her assertion, *CMAX* actually holds that the hardship or inequity suffered is one of many factors considered by the Court in issuing a stay. *See id.*

Page 8