1

2

3

4

5

6               IN THE UNITED STATES DISTRICT COURT FOR THE

7                      EASTERN DISTRICT OF CALIFORNIA

8

9  ENDANG WIDJAJA, Individually, )        No. CV-F-09-1074 OWW/DLB
   and on Behalf of All Others   )
10 Similarly Situated,           )        MEMORANDUM DECISION GRANTING
                                 )        DEFENDANTS' MOTION TO
11                               )        CONSOLIDATE ACTION (Doc.
                                 )        29); GRANTING PROPOSED
12              Plaintiffs,      )        INTERVENOR-PLAINTIFFS
                                 )        MEDLOCK AND HARDIMAN'S
13         vs.                   )        MOTION TO INTERVENE AND
                                 )        DENYING MOTION TO STRIKE
14                               )        CLASS ACTION ALLEGATIONS OR
   YUM! Brands, Inc., Taco Bell  )        FOR A STAY (Doc. 33)
15 Corp., Taco Bell, and Does    )
   1 - 100,                      )
16                               )
                                 )
17                               )
              Defendants.        )
18                               )
   _____)
19

20      Before the Court is Defendant YUM! Brands, Inc. and Taco

21 Bell Corp.'s motion to dismiss, stay, or consolidate this action

22 with *In re Taco Bell Wage and Hour Actions*, No. CV-F-07-1314

23 OWW/DLB and Proposed Intervenor-Plaintiffs Medlock and Hardiman's

24 motion to intervene and to strike class action allegations or for

25

26

                                 1

1 a stay.[1]

2     A.  <u>BACKGROUND</u>.

3     By Memorandum Decision filed on May 19, 2009, and Order

4 filed on June 9, 2009, the Court consolidated four actions for

5 all purposes, including trial:

6         1.  Sandra Medlock, individually and on
behalf of other members of the general public

7 similarly situated v. Taco Bell Corp., Taco
Bell of America, Inc., Taco Bell Foundation,

8 Inc., Northern California Taco Bell
Association, Inc., Taco Bell, YUM!, YUM!

9 Brands, Inc., YUM! Brands, and Does 1-10; No.
CV-F-07-1314 OWW/DLB

10

11         2.  Lisa Hardiman, individually and on behalf
of all others similarly situated and as an

12 aggrieved employee pursuant to the Private
Attorneys General Act (PAGA) v. Taco Bell

13 Corp., Taco Bell of America, Inc., Taco Bell
Foundation, Inc. and Does 1-10; No. CV-F-08-

14 1081 OWW/DLB;

15         3.  Miriam Leyva, individually and on behalf
of other members of the general public

16 similarly situated v. Taco Bell Corp., YUM!
Brands, Inc. and Does 1-10; No. CV-F-09-200

17 OWW/DLB

18         4.  Loraine Naranjo, individually and on
behalf of all others similarly situated v.

19 YUM! Brands, Inc., Taco Bell Corp., and Does
1-50; No. CV-F-09-246 OWW/DLB.

20 The June 9, 2009 "Pretrial Order Regarding Consolidation of

21 Pending Actions and Appointment of Initiative Legal Group LLP as

22 Interim Lead Counsel", (Doc. 109), stated:

23     V. <u>Newly Filed or Transferred Actions</u>

24 _____

25     [1]Defendants filed an essentially identical motion to dismiss,
stay or consolidate the *Widjaja* action in No. CV-F-07-1314.

26 Because the motion in No. CV-F-07-1314 is procedurally improper and
is duplicative, the motion is denied as moot.

When a case that arise out of the same
operative facts as the Consolidated Actions
is hereinafter filed in or transferred to
this Court, it shall be consolidated with the
Consolidated Actions, and the Clerk of the
Court shall:

1.  File a copy of this Order in the separate
file for such action;

2.  Mail a copy of this Order to the
attorneys for the Plaintiff(s) in the newly-
filed or transferred case and to any new
Defendant(s) in the newly-filed or
transferred case; and

3.  Make the appropriate entry in the Master
Docket.

Assistance of counsel is requested in calling
to the attention of the Clerk of this Court
the filing or transfer of any case that might
properly be consolidated as part of this
litigation.

VI.  Application of the Order to Subsequent
Cases.

This Order shall apply to each representative
action, including class, collective, or
Private Attorneys General Act actions,
assigned to the undersigned that alleges
claims similar to those set forth in these
actions and brought on behalf of employees of
Taco Bell Corp. who allege the same or
similar violations as those alleged in the
Consolidated Actions, upon the Court ordering
that the case be consolidated with the
Consolidated Actions. ....

On February 11, 2009, Endang Widjaja filed a class action

complaint against YUM! Brands, Taco Bell Corp., Taco Bell, and

Does 1-100 in the Orange County Superior Court, alleging claims

for failure to reimburse expenses; failure to provide rest

periods; violation of California Business & Professions Code §

17200, and conversion.   Defendants removed the action to the

1  United States District Court for the Central District of

2  California on April 24, 2009.  On June 8, 2009, the Central

3  District of California ordered the *Widjaja* action transferred to

4  the Eastern District of California, where it was assigned Case

5  No. CV-F-09-1074 and assigned to Judge Ishii and Magistrate Judge

6  Austin.  On June 24, 2009, Defendants filed a Notice of Related

7  Case and Request for Consolidation.  On June 30, 2009, the Court

8  issued the following Order:

9           The Court has reviewed the Notice of Related
          Case filed by Defendants and finds that this
10          action is related within the meaning of Rule
          83-123, Local Rules of Practice, to *In re*
11          *Taco Bell Wage and Hour Actions,* No. CV-F-07-
          1314 OWW/DLB.  Because of concerns for
12          judicial economy in the already consolidated
          Taco Bell wage and hour cases, this action is
13          transferred from the dockets of Judge Ishii
          and Magistrate Judge Austin to the dockets of
14          Judge Wanger and Magistrate Judge Beck. ....

15          Defendants' request for consolidation of this
          action with *In re Taco Bell Wage and Hour*
16          *Actions,* No. CV-F-07-1314 OWW/DLB, is
          deferred pending Defendants' filing of a
17          noticed motion for consolidation.

18       B.  <u>DEFENDANTS' MOTION TO DISMISS, STAY, OR CONSOLIDATE</u>.

19       Defendants move to dismiss or stay this action or,

20  alternatively, to consolidate this action with the *In re Taco*

21  *Bell Wage and Hour Actions*, No. CV-F-07-1314.

22       Plaintiffs oppose dismissal or stay of this action, but do

23  not oppose consolidation with the *In re Taco Bell Wage and Hour*

24  *Actions*.

25       Defendants argue that this action should be dismissed under

26  principles of federal comity because it is duplicative of *In re*

4

*Taco Bell Wage and Hour Actions*.  Defendants cite *Barapind v. Reno*, 72 F.Supp.2d 1132, 1145 (E.D.Cal.1999), *aff'd*, 225 F.3d 1100 (9th Cir.2000):

> When a complaint involving the same parties
> and issues has already been filed in another
> federal district court, the court has
> discretion to abate or dismiss the second
> action ... Federal comity and judicial
> economy give rise to rules which allow a
> district court to transfer, stay, or dismiss
> an action when a similar complaint has
> already been filed in another district court.

Defendants argue that dismissal or stay of this action is warranted because the claims, other than the conversion claim, are identical to those involved in the consolidated action.

Plaintiffs assert that dismissal or stay is not appropriate; that consolidation should be ordered.

First, Plaintiffs contend that the issues of dismissal or stay of this action were rejected by the Central District in its Order transferring the action to the Eastern District. Plaintiffs argue that Defendants should be collaterally estopped from relitigating these issues or should be precluded from raising them under the law of the case doctrine.

In the Central District, Defendants moved to dismiss the case under the "first-to-file" rule.  The Central District ruled:

> Despite the fact that Defendants appear to
> have met the three factors of the first-to-
> file rule, the Court need not dismiss
> Plaintiff's suit.  One of the most
> fundamental aspects of the first-to-file rule
> is that it is discretionary ... This Court
> can for reasons of fairness and equity choose
> not to apply the first-to-file rule even if
> the three factors are met ... In this case,

> due to the fact that Plaintiff and Defendants
> are in disagreement over whether Plaintiff is
> truly represented in the pending litigation
> against Defendants in the Eastern District,
> this Court is of the opinion that fairness to
> the Plaintiff requires transferring the case
> to the Eastern District where the court that
> has familiarity with the issue can
> consolidate the case or dismiss it if it so
> chooses.  In addition, with respect to the
> third factor, Plaintiff alleges a cause of
> action for conversion that is not mentioned
> in the cases that are currently pending.  In
> order to give Plaintiff a fair chance to
> litigate this claim, a transfer to the
> Eastern District, where the court can decide
> whether to consolidate this action with the
> Other Actions, is more appropriate.

As Defendants reply, the Central District's Order has no collateral estoppel effect, nor is it law of the case.  The Central District did not decide the issue of dismissal, leaving the issue for resolution after the action was transferred to this Court.

Plaintiff further argues that the motion to dismiss or stay should be denied because it directly contravenes the June 9, 2009 Pretrial Order in the consolidated action quoted above.[2]

Defendants respond that the June 9, 2009 Pretrial Order does not automatically preclude dismissal or stay of the action, because consolidation must be ordered by the Court.  Defendants further note that they were required by the June 24, 2009 Order to file a noticed motion for consolidation.

---

[2]Plaintiffs and Defendants dispute whether Plaintiffs were made aware of the June 9, 2009 Pretrial Order.  Because this disagreement is irrelevant to resolution of Defendants' motion, it is not addressed.

Defendants contention that the June 9 Pretrial Order does not preclude their motion to dismiss or stay this action is not well-taken.  The Court intended these wage and hour cases to be consolidated.  Given that Plaintiffs agree to consolidation, Defendants' motion to dismiss or stay this action is DENIED and Defendants' motion to consolidate this action with *In re Taco Bell Wage and Hour Actions*, No. CV-F-07-1314 OWW/DLB is GRANTED.

C.   MOTION TO INTERVENE AND TO STRIKE CLASS ALLEGATIONS OR FOR STAY.

Plaintiffs Medlock and Hardiman (hereafter referred to as Intervenor-Plaintiffs) move to intervene in this action for the limited purpose of striking the class action allegations or for stay of overlapping claims.  Intervenor-Plaintiffs oppose consolidation of this action with the *In re Taco Bell Wage and Hour Actions*.

1.   Intervention as of Right.

Rule 24(a)(2), Federal Rules of Civil Procedure, which governs intervention as of right, provides:

> Upon timely application anyone shall be permitted to intervene in an action ... when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the interest is adequately protected by existing parties.

An applicant may intervene as of right pursuant to Rule 24(a) if the following elements are satisfied: (1) the motion

7

must be timely; (2) the applicant must have a "significant protectable interest" relating to the property or transaction which is the subject of the action; (3) the applicant must be situated such that disposition of the action may as a practical matter impair or impede its ability to protect that interest; and (4) the applicant's interest must be inadequately represented by the parties to the action. *Smith v. Marsh*, 194 F.3d 1045, 1049 (9th Cir. 1999). The court must interpret the rule broadly in favor of intervention. *Forest Conservation Council v. U.S. Forest Service*, 66 F.3d 1489, 1493 (9th Cir. 1995).

Intervenor-Plaintiffs argue that they should be allowed to intervene as of right in this action. They assert a significant, protectable interest in this action because this action asserts the same California Labor Code violations and relief sought in the consolidated action and asks to certify a class that is subsumed by *In re Taco Bell Wage and Hour Actions* subclasses:

> With these overlapping claims and parties, Intervenor-Plaintiffs certainly have an interest in ensuring the protection of their claims from inconsistent rulings, and in the expeditious prosecution of their action against Defendants.

Intervenor-Plaintiffs contend that their interests will be significantly impaired if this action is allowed to proceed because of the risk of inconsistent rulings and because Plaintiffs have already conducted significant discovery to establish class-wide practices constituting wage and hour violations, have notified over 18,800 putative class members and

are in the process of marshaling evidence in support of class certification.  Intervenor-Plaintiffs argue that allowing this action to proceed will subject Intervenor-Plaintiffs, Defendants and the Court to "further complications, delay, and wasted judicial and party resources."  Intervenor-Plaintiffs contend that the *Widjaja* plaintiffs non-opposition to Defendants' motion to consolidate means that "plaintiff Widjaja does not share Intervenor-Plaintiffs' interests in moving these issues forward expeditiously in the streamlined and consolidated manner already crafted by the Court."

Plaintiff responds that intervention as of right is not warranted.  Plaintiff, referring to Defendants' motion to dismiss, stay or consolidate as "the Motion," suggests that Intervenor-Plaintiffs are seeking to intervene in "the Motion," not this action.

Plaintiff argues that the motion to intervene is not timely. Timeliness is a threshold requirement; if untimely, other elements of the motion to intervene are not considered.  *League of United Latin American Citizens v. Wilson*, 131 F.3d 1297, 1302 (9th Cir.1997).  To determine the timeliness of an intervention motion, the Court must examine: (1) the stage of the proceedings at which an applicant seeks to intervene; (2) the prejudice to the existing parties if intervention is allowed; and (3) the reasons for and length of the delay.  *Smith v. Marsh*, 194 F.3d 1045, 1049 (9th Cir.1999).  Prejudice to the existing parties is the most important consideration in deciding whether a motion for

9

intervention is timely.  *United States v. Oregon*, 745 F.2d 550, 552 (9th Cir.1984).  Lapse of time alone is not determinative in deciding the timeliness of a motion to intervene.  *Smith, id.* at 1051.  In assessing timeliness of the motion to intervene, the crucial date is when the proposed intervenor should have been aware that its interests would not be adequately protected by the existing parties.  *Id.* at 1052.  However, "'any substantial lapse of time weighs heavily against intervention.'" *League of United Latin American Citizens, id.* at 1302.

Plaintiff argues that the motion to intervene is untimely because "the Intervenors filed and personally served their motion (on the wrong counsel) on the last day the motion could have been filed to ensure that Plaintiff had the least amount of time to oppose their motion."  Plaintiff accuses the Intervenor-Plaintiffs of "gamesmanship" because they noticed their motion for hearing on the same day as Defendants' motion to dismiss, "forcing Plaintiff to oppose two separate motions on the same day."  Plaintiff contends:

> Undoubtedly, the Intervenors knew of the Plaintiff's action well in advance of the Motion and sprang their motion at the last minute to burden Plaintiff and to cause delay.  The Intervenors have been in direct contact with Defendants throughout the entire course of this litigation, and presumably discussed the Motion.  Indeed, the Motion is referenced multiple times in the Intervenors' motion.  Moreover, Plaintiff's Complaint and other filings, including the Motion, were publically available for the Intervenors to review and access well in advance of the hearing on the Motion.  The totality of the evidence lends credence to the fact that the

> Intervenors had knowledge of Plaintiff's
> action, including the Motion, well in advance
> of the scheduled hearing date.

Defendants' motion to dismiss, stay or consolidate this action was filed on July 22, 2009.  It was initially noticed for hearing on October 5, 2009, but was continued to October 19, 2009 because of the Court's informal rule that only six civil motions are heard on the Monday law and motion calendar.  Intervenor-Plaintiffs filed their motion to intervene on September 18, 2009 and requested that the motion be heard on October 19, 2009.  This request was granted because the motion is listed on the Court's law and motion calendar.  The motion was filed and noticed pursuant to the Local Rules of Practice; no bad faith or delay can be inferred from compliance with the Local Rules.

Intervenor-Plaintiffs reply that their motion to intervene is timely because the *Widjaja* action is only recently at issue and there has been no scheduling conference as yet: "By any measure, Intervenors have been reasonable and diligent in bringing their motion, bringing this motion prior to any substantive litigation - let alone any discovery - taking place."

Plaintiff argues that Intervenor-Plaintiffs have not demonstrated a protectable interest that will be affected if they are not allowed to intervene:

> The sole issue in the Motion is whether
> Plaintiff's action should be consolidated
> with the Consolidated Actions.  Nothing more.
> None of the dispositive issues raised in the
> Consolidated Actions or in the Scheduling
> Conference Order are being addressed in the
> Motion.  None of the Intervenors rights or

11

> interests in property or wages will actually
> be affected by the resolution of the Motion.
> There is not a chance that the resolution of
> the Motion would result in inconsistent
> rulings with the Intervenors' claims.

Plaintiff cites *Blake v. Pallan*, 554 F.2d 947, 954 (9th Cir.1977): "Mere inconvenience to the Commissioner caused by requiring him to litigate separately is not the sort of adverse practical effect contemplated by Rule 24(a)(2)." Plaintiff contends that the fact that consolidation of this action with *In re Taco Bell Wage and Hour Actions* will inconvenience Intervenor-Plaintiffs by delaying the litigation is not a "recognizable interest worthy of protection."

Intervenor-Plaintiffs reply that Plaintiff misconstrues the "protectable interest" requirement of Rule 24(a)(2), citing *Arakaki v. Cayetano*, 324 F.3d 1078, 1084 (9th Cir.), *cert. denied sub nom. Hoohuli v. Lingle*, 540 U.S. 1017 (2003):

> The requirement of a significantly
> protectable interest is generally satisfied
> when 'the interest is protectable under some
> law, and that there is a relationship between
> the legally protected interest and the claims
> at issue.' ... 'An applicant generally
> satisfies the "relationship" requirement only
> if the resolution of the plaintiff's claims
> actually will affect the applicant.' ....

Intervenor-Plaintiffs contend that "[i]nsofar as *In re Taco Bell* alleges the same California Labor Code violations and seeks the same relief as *Widjaja*, Intervenors' direct interest is self-evident." Plaintiff rejoins that intervention as of right should be denied because Intervenor-Plaintiffs have not demonstrated that their interests are inadequately represented in this action.

"The burden on proposed intervenors in showing inadequate representation is minimal, and would be satisfied if they could demonstrate that representation of their interests 'may be' inadequate." *Arakaki*, *supra*, 324 F.3d at 1086.  Three factors are considered in determining the adequacy of representation: "(1) whether the interest of a present party is such that it will undoubtedly make all of a proposed intervenor's arguments; (2) whether the present party is capable and willing to make such arguments; and (3) whether a proposed intervenor would offer any necessary elements to the proceeding that other parties would neglect." *Id.*

Plaintiff argues that "Defendants and the Intervenors share the same goal which is to attempt to eliminate Plaintiff's action under the ruse that they are so far in the litigation that it would be too burdensome to include one more action with the Consolidated Actions."  Plaintiff refers to the June 9, 2009 Pretrial Order in which the Court created a procedure to include newly filed and transferred actions.  Plaintiff notes that Intervenor-Plaintiffs have presented no competent evidence that "Defendants are incapable of prosecuting the case without their assistance."

Intervenor-Plaintiffs reply that Defendants do not necessarily adequately protect Intervenors' interests because Defendants alternatively seek consolidation of this action, which Intervenor-Plaintiffs oppose; "Intervenors' and Defendants'

interests are not congruent."   Intervenor-Plaintiffs contend:

> Consolidating the late-filed *Widjaja* action with the far more procedurally advanced *In re Taco Bell* risks derailing the Scheduling Order and delaying the established class certification deadline.  For example, consolidation would only hinder Intervenors' efforts in moving expeditiously towards class certification by forcing Intervenors to, in part, litigate Ms. Widjaja's derivative and redundant conversion claim, which, under prevailing state law, would ultimately be dismissed ... Consolidation ... would only cause the parties to engage in unnecessary motion practice, waste party and judicial resources, and, more importantly, cause further delay with Intervenors certifying their claims.

The Scheduling Conference Order filed on June 29, 2009, (Doc. 117), sets class certification discovery cut-off is June 24, 2010, the deadline for filing the class certification motion is August 26, 2010, and the hearing on the motion on January 1, 2011.  There is adequate time to address the issues of concern.

Intervenor-Plaintiffs' motion to intervene as of right is GRANTED.  The motion is timely; Intervenor-Plaintiffs have a significant protectable interest in this litigation; because of the possibility of inconsistent rulings, disposition of this action without intervention may impair or impede Intervenor-Plaintiffs' ability to protect that interest; and Intervenor-Plaintiffs' interest will not be adequately represented by the parties to this action.

>           2.  <u>Permissive Intervention</u>.

Permissive intervention is governed by Rule 24(b):

> Upon timely application anyone may be

14

> permitted to intervene in an action ... when
> an applicant's claim or defense and the main
> action have a question of law or fact in
> common ... In exercising its discretion the
> court shall consider whether the intervention
> will unduly delay or prejudice the
> adjudication of the rights of the original
> parties.

An applicant who seeks permissive intervention must demonstrate
that it meets three threshold requirements: (1) it shares a
common question of law or fact with the main action; (2) its
motion is timely; and (3) the court has an independent basis for
jurisdiction over the applicant's claims. *Donnelly v. Glickman*,
159 F.3d 405, 412 (9th Cir. 1998).  "Even if the applicant
satisfies those threshold requirements, the district court has
discretion to deny permissive intervention ... In exercising its
discretion, the district court must consider whether intervention
will unduly delay the main action or will unfairly prejudice the
existing parties."  *Id*.

Intervenor-Plaintiffs argue that all of these factors are
satisfied.  Plaintiff contends that, even though there are shared
questions of law and fact, permissive intervention should be
denied because "the issue raised in the Motion will not limit or
adversely affect the Intervenors' claims."

Plaintiff argues that, even if Intervenor-Plaintiffs could
intervene at the hearing on Defendants' motion, Intervenor-
Plaintiffs cannot be allowed to expand or relitigate issues
already decided in the underlying action:

> The principal parties to the Motion are
> Plaintiff and Defendants.  Not once in any of

15

the prior pleadings between these principal
parties, including the Motion, has the issue
of whether the class-action allegations in
Plaintiff's Complaint should be stricken
[sic].  Now the Intervenors are not only
attempting to intervene, but raise separate
and distinct issues that did not exist in the
underlying action.  The underlying issue in
the Motion is whether Plaintiff's action
should be consolidated with the Consolidated
Actions.  The issue now put forward by the
Intervenors, on the other hand, is wholly
distinct in that they are requesting to
strike Plaintiff's class-action allegations.
Allowing the Intervenors to raise them would
effectively grant an impermissible
'enlargement' of the issues by an intervenor
... Accordingly, and even if intervention was
permitted, this Court must not address the
new issues raised by the Intervenors in their
motion, including the request to stay as that
issue has already been litigated and denied
by Judge Carter.

As explained in Wright, Miller & Kane, Federal Practice and

Procedure: Civil 3d § 1920:

There are circumstances in which the court
may impose conditions on an intervenor.
Unless conditions have been imposed, the
intervenor is treated as if the intervenor
were an original party and has equal standing
with the original parties.  It is true, as
one court has written, that

he cannot change the issues framed
between the original parties, and
must join subject to the
proceedings that have occurred
prior to his intervention; he
cannot unring the bell.

But the intervenor is entitled to litigate
fully on the merits once intervention has
been granted.  The intervenor may move to
dismiss the proceeding ....

However, Judge Carter did not deny the request for stay on

the merits; rather, he told Defendants that the issue could be

16

raised in this Court.

Intervenor-Plaintiffs' motion for permissive intervention is GRANTED.  This action shares common questions of law and fact with *In re Taco Bell Wage and Hour Actions*; the motion to intervene is timely; and the Court has an independent basis for jurisdiction over Intervenor-Plaintiffs' claims.  Intervention will not unduly delay the action or unfairly prejudice the *Widjaja* parties.

D.   <u>INTERVENOR-PLAINTIFFS' MOTION TO STRIKE OR STAY</u>.

Assuming that intervention is allowed, Intervenor-Plaintiffs move to strike or dismiss the allegations in the Complaint pertaining to class action.   Intervenor-Plaintiffs rely on Rule 12(f), Federal Rules of Civil Procedure.

Rule 12(f) provides in pertinent part that the Court "may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Motions to strike are disfavored and infrequently granted.  *Neveu v. City of Fresno,* 392 F.Supp.2d 1159, 1170 (E.D.Cal.2005).  A motion to strike should not be granted unless it is clear that the matter to be stricken could have no possible bearing on the subject matter of the litigation.  *Id.*  The function of a Rule 12(f) motion to strike is to avoid the expenditure of time and money that might arise from litigating spurious issues by dispensing with those issues prior to trial.  *Fantasy, Inc. v. Fogerty,* 984 F.2d 1524, 1527 (9th Cir.1993), *rev'd on other grounds*, 510 U.S. 517 (1994).

Plaintiff argues that Intervenor-Plaintiffs' motion to strike is untimely.  Rule 12(f)(2) provides that the Court may act "on motion made by a party, either before responding to the pleading or, if a response is not allowed, within 20 days after being served with the pleading."  Plaintiff's Complaint was filed on February 11, 2009 and was served on Defendants on March 26 and 30, 2009.  Defendants answered the Complaint on June 18, 2009. Plaintiff asserts that the last day to challenge the sufficiency of the Complaint was April 20, 2009.  Plaintiff argues:

> The Intervenors have not cited any authority to establish: (1) they have *standing* to challenge Plaintiff's Complaint; and (2) whether this Court could consider its untimely motion.  Moreover, ... the Intervenors take the proceedings and pleadings as they find them.  Defendants *waived* their right to challenge Plaintiff's Complaint by allowing the deadline to challenge to expire and by answering Plaintiff's Complaint.  The Intervenors cannot now resurrect those expired deadlines. By doing so, this Court would be allowing the Intervenors to *circumvent* a statutory time limitation.

Intervenor-Plaintiffs reply that the Court is empowered to strike allegations *sua sponte,* citing *Williams v. Jader Ford Co., Inc.,* 944 F.2d 1388, 1399-1400 (7th Cir.1991).  *Williams* affirmed a district court's consideration of an untimely motion to strike, because Rule 12(f) provides the court with the authority to consider the issue on its own accord at any time. *Accord Abarca v. Franklin County Water District*, 2009 WL 1393511 * 2 (E.D.Cal.2009).

Intervenor-Plaintiffs rely on the first-to-file rule in

18

moving to strike or dismiss the class action allegations.

As explained in *Inherent.com v. Martindale-Hubbell*, 420 F.Supp.2d 1093, 1097 (N.D.Cal.2006):

> The first-to-file rule is 'a generally recognized doctrine of federal comity which permits a district court to decline jurisdiction over an action when a complaint involving the same parties and issues has already been filed in another district.' ... The 'sameness' requirement does not mandate that the two actions be identical, but is satisfied if they are 'substantially similar.' ... The purpose of this well-established rule is to promote efficiency and to avoid duplicative litigation and thus it should not be lightly disregarded ... Under the doctrine, a district court may transfer, stay or dismiss the second action if it determines that it would be in the interest of judicial economy and convenience of the parties ... The pre-requisites for application of the doctrine are chronology and identity of the parties and issues involved. ....

Intervenor-Plaintiffs note that the *Medlock* and *Hardiman* actions, since consolidated in the *In re Taco Bell Wage and Hour Actions*, were filed prior to the *Widjaja* action and contend that, other than the claim for conversion in the *Widjaja* action, involve overlapping issues and subclasses.

Plaintiff responds that, because the classes in *In re Taco Bell Wage and Hour Actions*, have not yet been certified, dismissal of this action could bar Plaintiff and her proposed classes from the courthouse. Plaintiff also contends that the causes of action brought by the plaintiffs in *In re Taco Bell Wage and Hour Actions* are broader than the claims in the *Widjaja* action, even though Plaintiff concedes that there is a partial

overlap of the claims for failure to reimburse expenses, failure to provide rest periods, and violation of California Business & Professions Code § 17200.  Plaintiff also refers to the claim for conversion, arguing that dismissal of Plaintiff's class allegations would bar other putative class members from pursuing a conversion claim and recovering punitive damages.  Plaintiff cites *Altrade, Inc. v. Uniweld Products, Inc.*, 946 F.2d 622, 629 (9th Cir.1991), for the proposition that dismissal of the class allegations would amount to an improper limitation in the putative class members' rights and remedies.

Intervenor-Plaintiffs reply that, other than the conversion claim, Plaintiff's class action allegations are entirely subsumed by those in the consolidated action.  Intervenor-Plaintiffs cite *Ross v. U.S. Bank Nat. Ass'n*, 542 F.Supp.2d 1014, 1023-1024 (N.D.Cal.2008); *Thomas v. Home Depot USA, Inc.*, 527 F.Supp.2d 1003, 1009-1010 (N.D.Cal.2007), which hold that a conversion claim based on wage and hour violations cannot be stated.  *Accord Vasquez v. Coast Valley Roofing, Inc.,* 2007 WL 16660972 (E.D.Cal.2007).

Plaintiff further argues that the class action allegations should not be dismissed or stayed because Plaintiff is seeking consolidation with *In re Taco Bell Wage and Hour Actions*.  Plaintiff refers to the June 9, 2009 Pretrial Order in *In re Taco Bell Wage and Hour Actions*, which anticipated the filing of additional actions and established a procedure for consolidating those later filed actions.  Plaintiff argues that staying her

class action allegations, as opposed to consolidating them, will result in further delay of resolution of the *Widjaja* action and may result in prejudice to the *Widjaja* action because of stale claims, as well as complicating the issues and leading to the possibility of inconsistent rulings.

Intervenor-Plaintiffs reply that consolidation should not be ordered and that the class action allegations should be dismissed or stayed.  Dismissal or stay of the class action allegations will not limit Plaintiff's ability to pursue her own claims, if she chooses to do so rather than participating in whatever class recovery obtained in *In re Taco Bell Wage and Hour Actions*.  Intervenor-Plaintiffs assert:

> [N]ot included among Ms. Widjaja's [sic] is an entitlement to frustrate the far more advanced consolidated *In re Taco Bell*.  Thus, consolidation of *Widjaja* into *In re Taco Bell* would be, among the remedies before the Court, inefficient and contrary to the prospective class members' interest in a prompt resolution of their case.

Intervenor-Plaintiffs' motion to dismiss or stay the class action allegations is DENIED.  Consolidation of this action with *In re Taco Bell Wage and Hour Actions,* No. CV-F-07-1314 OWW/DLB is the most efficient and fair way to protect the interests of all parties.

<u>CONCLUSION</u>

For the reasons stated:

1.  Defendant YUM! Brands, Inc. and Taco Bell Corp.'s motion to dismiss or stay this action is DENIED and their motion to

21

1  consolidate this action with *In re Taco Bell Wage and Hour*

2  *Actions*, No. CV-F-07-1314 OWW/DLB, is GRANTED, subject to

3  conditions that Initiative Legal Group LLP shall manage all the

4  consolidated actions and that the *Widjaja* action is subject to

5  all terms and conditions of the existing case management order.

6      2.   Intervenor-Plaintiffs Medlock and Hardiman's motion to

7  intervene is GRANTED and their motion to strike class action

8  allegations or for a stay is DENIED;

9      3.   Counsel for the moving parties shall prepare and lodge a

10 form of order consistent with this Memorandum Decision within

11 five (5) court days of service of this Memorandum Decision.

12     IT IS SO ORDERED.

13 Dated:    October 21, 2009                    /s/ Oliver W. Wanger
                                        UNITED STATES DISTRICT JUDGE

14

15

16

17

18

19

20

21

22

23

24

25

26